(Original Copy)

# 22-2045-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

In Re: Shane Christopher Buczek
Shane Christopher Buczek
Debtor – Appellant

v.

KeyBank National Association
        Appellee

RECEIVED 23 MAR -6 PM 3:10

On Appeal from the United States District Court for the Western District of New York (Buffalo Division)- **1:20-cv-01046-JLS, 1:20-cv-01046-JLS,1: 20-cv-1697-JLS and Western District of New York (Buffalo) Bankruptcy Petition #: 1-19-11441-CLB**

## Brief of Appellant

To Be Argued By: Shane Christopher Buczek

**Request 10 Minutes**

Shane Christopher Buczek
435 Creeks drive Ste 200 East
Amherst New York [14228]

## TABLE OF CONTENTS

**Page**

Table of Contents…………………………………………….2

Table of Authorities……………………………………………4

HAINES-v.KERNER404.US.519,520,1972………………….8

Statement of Subject Matter and Appellate Jurisdiction………..…...6

NOTICE OF APPEAL TIMELY FILED……………..……………9

**FIRST ARGUMENT** STATEMENT FACTS PRESENTED TO THE ARBITRATION FORM See FRAP 28(a)(7)…………..…………15

**SECOND ARGUMENT** Does the appellant have a right to file an adversary proceeding ………………………….…………….…21

**THIRD ARGUMENT** FRAP 28(a)(8) REQUEST FOR AFFIRMATION OF DEFAULT JUDGMENT REGARDING ARBITRATION AWARD MUST BE confirmed…………………27

**FOURTH ARUGEMENT** Did the court go outside the jurisdiction. and make the arbitration award void? Did Nationstar Mortgage, LLC failed to dispute, argue, or move to vacate for cause under 9 U.S.C. §10 within the three months allotted in 9 U.S.C. §12………..…..28

ORDERS BY **JUDGE BUCKI** IS A PROCEDURAL BAR…..…30

IS IT FAIR TO GRANTED SANCTIONS AGAINST PRO SE HOMEOWNER TO SAVE THE FAMILY PRIVATE PROPERTY BASED ON FRAUD BY THE Appellee………………….…..……40
.
Conclusion……………………………………………….49

CERTIFICATE OF COMPLIANCE……………………….......55

Certificate of Service…………………………………….......56

# Table of Authorities

Page(s)

Cases

27 A. ........................................................................................................... 45

844 F. App'x .............................................................................................. 41

1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.,
    No. 13 CV 2608, 2014 WL 840965 ..................................................... 31

A/S Ganger Rolf v. Zeeland Transportation, Ltd.,
    S.D.N.Y.1961, 191 F. Supp. 359 ........................................................ 32

AT&T Technologies, Inc. v. Communications Workers,
    475 U. S. 643 ...................................................................................... 34

Banco de Seguros del Estado v. Mutual Marine Office Inc.,
    344 F.3d 255 (2d Cir. 2003) ............................................................... 40

Carpenter v. Longan,
    83 US 271, 21 L. Ed 313 .................................................................... 42

Cavallary v. Lakewood Sky Diving Center,
    623 F.Supp. 242 (S.D.N.Y.1985) ....................................................... 46

D.H. Blair & Co. v. Gottdiener,
    462 F.3d 95 (2d Cir. 2006) ................................................................. 31

Diamond Mortg. Corp. of Illinois v. Sugar,
    913 F.2d 1233, 20 Bankr. Ct. Dec. (CRR) 1669, 23 Collier Bankr. Cas. 2d (MB)
    1275, Bankr. L. Rep. (CCH) P 73624 (7th Cir. 1990) ....................... 22

Dighello v. Busconi,
    673 F. Supp. 85 (D. Conn. 1987) ....................................................... 39

Dischner v. Zachs,
    No. 16 CV 04191, 2016 WL 7338418 (S.D.N.Y. Dec. 19, 2016) ....... 30

Doscher v. Sea Port Grp. Sec., LLC,
    832 F.3d 372 (2d Cir. 2016) ............................................................... 36

Fahnestock & Co., v. Waltman,
    935 F.2d 512 (2d Cir. 1991) ............................................................... 39

Finkel v. Pomalee Elec. Co.,
    No. 16 CV 4200, 2018 WL 1320689 .................................................. 31

Finkel v. Uptown Commc'ns & Elec., Inc.,
    No. 20 CV 3303, 2022 WL 2467471 .................................................. 31

First Option,
  514 US............................................................................................ 29
Florasynth, Inc. v. Pickholz,
  750 F.2d 171 (2d Cir. 1984)............................................................ 30, 35
Franco v. Prudential Bache Sec., Inc.,
  719 F.Supp. 63 (D.P.R.1989) ............................................................. 34
Fraser v. State of N.Y., SUNY at Stony Brook,
  769 F.Supp. 91 (E.D.N.Y.1991) ......................................................... 45
HAINES v. KERNER,
  404 US 519 (1972)........................................................................... 8, 46
Hall St. Assocs., L.L.C. v. Mattel, Inc.,
  552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).................... 36
Hamilton v. Navient Sols., LLC,
  No. 18 Civ. 5432 (PAC), 2019 WL 633066 (S.D.N.Y. Feb. 14, 2019) ........ 40, 41
In re 680 Fifth Ave. Assoc.,
  218 B.R. 305 (Bankr .S.D.N.Y.1998)................................................... 44
In re Bay Vista of Va. Inc.,
  428 B.R. 197 (Bankr. E.D. VA. 2010) ................................................ 27
In re Celotex Corp.,
  124 F.3d 619 (4th Cir. 1997) ............................................................. 22
In re Empire Coal Sales Corp.,
  45 F. Supp. 974 (S.D.N.Y.)............................................................... 26
In re Green,
  422 B.R. 469 (Bankr.S.D.N.Y.2010).................................................. 44
In re Hills,
  35 F. Supp. 532 (W.D. Wash. 1940)................................................... 26
In re Lac-Megantic Train Derailment Litigation,
  999 F.3d 72, 70 Bankr. Ct. Dec. (CRR) 74 (1st Cir. 2021) ................. 22
IndyMac v. Meisels,
  2012 NY Slip Op 51902 .................................................................... 16
Kelso v. MacLaren,
  122 F.2d 867 (8th Cir. 1941) ............................................................. 26
Kentucky River Mills v. Jackson,
  6 Cir. 1953, 206 F.2d 111, 47 A.L.R.2d 1331 .................................... 32
Kruse v. Sands Brothers & Co.,
  226 F. Supp. 2d 484 (S.D.N.Y. 2002) ........................................... 41, 52
Local 1199 v. Brooks Drug Co.,
  956 F.2d 22 (2d Cir. 1992)................................................................ 40
Lubit v. Chase (In re Chase),
  372 B.R. 142 (Bankr.S.D.N.Y.2007).................................................. 44

M.J. Woods, Inc. v. Conopco, Inc.,
    271 F. Supp. 2d 576 (S.D.N.Y. 2003) ............................................. 40

Maduakolam v. Columbia University,
    866 F.2d 53 (2d Cir.1989) .......................................................... 46

_Mapother & Mapother, P.S.C. v. Cooper (In re Downs),_
    103 F.3d 472 (6th Cir.1996) ....................................................... 44

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)........................ 36

Nat'l Union Fire Ins. Co. v. Dana Corp.,
    No. 05 Civ. 253 (DC), 2005 WL 857352 (S.D.N.Y. Apr. 12, 2005) ............. 40

Ottley v. Schwartzberg,
    819 F.2d 373 (2d Cir. 1987)........................................................ 39

Patchogue Nursing Ctr. v. Bowen,
    797 F.2d 1137 (2d Cir.1986)........................................................ 35

_Patrick v. LeFevre,_
    745 F.2d 153 (2d Cir.1984)......................................................... 45

Phar-Mor, Inc. v. Coopers & Lybrand,
    22 F.3d 1228, 25 Bankr. Ct. Dec. (CRR) 779, 30 Collier Bankr. Cas. 2d (MB)
    1553, Bankr. L. Rep. (CCH) P 75828, 28 Fed. R. Serv. 3d 610 (3d Cir. 1994).. 22

Piccolo v. Dain, Kalman, & Quail, Inc.,
    641 F.2d 598 (8th Cir.1981) ....................................................... 34

Prima Paint Corp. V Food & Conklin Mfg. Co.,
    388 US 395 (1967) ................................................................... 29

Rent-A-Center,
    561 US ........................................................................... 29, 34

Rich v. Sparta's,
    516 F.3d 75 (S.D.N.Y. 2008)........................................................ 39

Room 479, 360 Adams Street, Brooklyn,
    N.Y. 11201 ........................................................................ 18

Rosenberg v. DVI Receivables XIV, LLC,
    818 F.3d 1283, 62 Bankr. Ct. Dec. (CRR) 128, Bankr. L. Rep. (CCH) P 82945
    (11th Cir. 2016).................................................................... 22

Section,
    10 or 11 .......................................................................... 38

Seldner Corp. v. W. R. Grace & Co.,
    D. Md.1938, 22 F. Supp. 388........................................................ 32

Simon v. FIA Card Servs., N.A.,
    732 F.3d 259, 2013 U.S. App. LEXIS 20403 (3d Cir. 2013) ....................... 19

Southland Corp v. Keating,
    465 US 1 (1984)..................................................................... 29

Standard Magnesium Corporation v. Fuchs,
    10 Cir. 1957, 251 F.2d 455 ................................................................ 32
STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC,
    648 F.3d 68 (2d Cir. 2011)............................................................... 30
*U.S. v. Seltzer,*
    227 F.3d 36 (2d Cir.2000)................................................................. 44
United States v. Throckmorton,
    98 U.S. 61 (1878) ............................................................................. 29
Vaden v. Discover Bank,
    556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009)................... 36
Vt. Teddy Bear Co. v. 1-800 Beargram Co.,
    373 F.3d 241 (2d Cir. 2004)............................................................. 31
Wells Fargo Advisors, LLC v. Mercer,
    14 CV 9279, 2016 WL 110526 (S.D.N.Y. Jan. 8, 2016).................... 30
Westerbeke Corp.v. Daihatsu Motor Co.,
    304 F.3d 200 (2d Cir. 2002)............................................................. 40
*Wilder v. GL Bus Lines,*
    258 F.3d 126 (2d Cir.2001)............................................................... 44

Statutes

9 U.S.C. §12 .................................................................................... passim
9 U.S.C. § 1-16 ........................................................................................ 29
9 U.S.C. § 4 ............................................................................................. 36
9 U.S.C. § 6 ............................................................................................. 38
9 U.S.C. § 9 ............................................................................................. 41
9 U.S.C. § 10 ...................................................................................... 28, 35
9 U.S.C. § 10(a) ...................................................................................... 39
9 U.S.C. § 10(a) (1–4) ............................................................................. 35
9 U.S.C.] § 10(a)(4) ................................................................................ 39
9, 11 and 13 of title 11 of the United States Code ................................... 22
11 U.S.C. § 101(14).................................................................................. 14
11 USCA § 704 (5) ................................................................................... 53
18 U.S.C. §3742(a) .................................................................................. 10
18 U.S.C. § 3231 ....................................................................................... 8
18 U.S.C 152,157 and 3571 ..................................................................... 20
28 U.S.C. § 1291 ..................................................................................... 10
28 U.S.C.] § 1331 .................................................................................... 36
Bankruptcy Code Section 523(a)(3)......................................................... 23
McKinney's Penal Law § 210.45 § 210.45................................................. 37

NY UCC § 3-804 ..................................................................................... 43
Subsection (4) of Section 152 ............................................................... 20

Rules

CPLR Rule 5015(a)(4) ............................................................................ 16
Fed. R. Bankr. P. 1001 ........................................................................... 21
Fed. R. Civ. P. 56(a) ............................................................................... 31
Federal Rules of Bankruptcy Procedure 9011(b) ................................. 46
Federal Rules of Bankruptcy Procedure, Rule 8002 ............................ 10
FRAP 28(a)(5) ........................................................................................ 13
FRAP 28(a)(6) ........................................................................................ 14
FRAP 28(a)(7) ................................................................................... 2, 15
FRAP 28(a)(8) ................................................................................... 2, 27
FRBP 9011(c)(1)(B) .............................................................................. 48
FRBP 9011(c)(3) .................................................................................... 48
FRBP 9014 ................................................................................. 14, 18, 19
FRBP 9033 .............................................................................................. 14
FRBP Rule 3001(c)(2) (c) ..................................................................... 14
LR 28.1 ................................................................................................... 14
Rule 32 (a) (7) (B) of the Federal Rules of Appellate Procedure ......... 54
Rule 41 F.R.Civ.P. ................................................................................. 26
Rule 52 of the Federal Rules of Civil Procedure ................................. 26
Rule 9011 of the Federal Rules of Bankruptcy Procedure ........ 47, 48, 52

Regulations

22 NYCRR § 130 ................................................................................... 17
22 NYCRR § 130.1.1(d) ........................................................................ 17

Other Authorities

6 C.J.S. Arbitration § 69, at 280–81 (1975) ......................................... 39
UCC § 3-804 ........................................................................................... 20
UCC § 3-307 ........................................................................................... 20

## APPICATION OF HAINES v. KERNER 404 US 519,520 (1972)

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to 'raise the strongest arguments that they suggest.'

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction pursuant to **18 U.S.C. § 3231**, which grants district courts original jurisdiction over all Appellee offenses against the United States committed in that district. This case was initiated in the United States Bankruptcy for the Western District of New York with the filing of Chapter 13 petition on July 19, 2019, **See Appendix (A-3)** Notice of Appeal from Bankruptcy Appeal, NOTICE OF APPEAL from USDC FROM THE WDNY Case 20-CV-01046-JLS with Issues on Appeal at Document (15) Filed on 09/15/2022 and Docket Sheet from the Western District of New York to the WDNY District Court with CIVIL DOCKET FOR CASE #: 1:20-cv-01046-JLS PAYMENT OF DOCKETING FEE, on behalf of Appellant Shane Christopher Buczek, district court receipt # **BUF076798 for $505.00.** Notice of Appeal filed on September 15,2022 Payment of $505. Appendix **(A-15)** full docket sheet and Judgment

8

from USDC WDNY Case Number 20-CV-1046 on 08/24/2022 and Adversary Proceeding # 1-20-01035-CLB THE COURT REFUSED TO ISSUE A SUMMONS on 07/28/2020 INCLUDING Affirmation of service at Appendix **(A-18)** and both ORDER AWARDING SANCTIONS & SECOND ORDER AWARDING SANCTIONS AGAINST-Appellant Appendix **(A-33) On** 09/15/2022-(15 )-NOTICE OF APPEAL as to Judgment by Shane Christopher Buczek. Filing fee pre-paid by Appellant and all transcripts $505.00, Receipt-BUF076798. (SG) (Entered: 09/16/2022)

As a side note this matter is quite frankly amazing that Appellant follows the rules in **bankruptcy court** in **bankruptcy court** to have an **evidentiary hearing** and as the appellant gets sanctioned. A direct violation of due process and the rights of the appellant. See Appendix (A-73 to 76)

## NOTICE OF APPEAL TIMELY FILED

This Appeal has been filed timely and please take notice no notice of entry filed by Appellee. See **Rule 9021** and Rule **9022.** Entry of Judgment A judgment or order is effective when entered under Rule 5003. Rule 8002. Time for Filing Notice of Appeal (a) In General. (1)

9

Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days **after notice of entry of the judgment**, order, or decree being appealed. **See Appendix (A-3 to 72)** The jurisdiction of this Court is invoked pursuant to **28 U.S.C. § 1291** and **18 U.S.C. §3742(a) 2**.

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . .." **28 U.S.C. § 1291** (emphasis added). **United States District court for the Western District of New York** overlooked the rules of the bankruptcy court and fail to address the evidentiary hearing and the fraudulent proof of claim and ignored **9 U.S.C. § 12** (emphasis added).

Federal Rules of Bankruptcy Procedure, Rule 8002
**Rule 8002. Time for Filing Notice of Appeal**
**(a) In general**
**(1) Fourteen-day period**
Except as provided in subdivisions (b) and (c), a notice of appeal

must be filed with the bankruptcy clerk **within 14 days after entry of the judgment**, order, or decree being appealed. The notice of entry of this Order beings the (14) days.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Appellant Designation of record filed in the U.S. Bankruptcy Court Western District of New York (Buffalo) Bankruptcy Petition #: 1-19-11441-CLB and timely appeal in the WDNY Docket number 1:20-cv-01446-JLS. The appellant does have a right to have an **evidentiary hearing** once proof of claim has been filed to prove his standing within the bankruptcy court. See **Rule 9014. Contested Matters.**

(d) **Testimony of Witnesses**. Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.

(e) **Attendance of Witnesses**. The court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify.

https://www.law.cornell.edu/rules/frbp/rule_9014

Both courts have failed to reach any type of findings or facts and conclusions of law regarding the arbitration award making it void with no jurisdiction. The District Court did absolutely nothing where the Court never addressed any type of issues regarding **evidentiary**

**hearing** and the **fraudulent proof of claim**. Please note that KeyBank N.A. has never been a **Real Party of Interest See Rule 17a**. KeyBank N.A. has been a **Disinterested** Person means a director who has not, during the period that person is a member of the Committee and for one year prior to commencing service as a member of the Committee, been granted or awarded equity securities pursuant to this Plan or any other plan of the Company or any Parent, Subsidiary or Affiliate of the Company, except in accordance with the requirements set forth in **Rule 16b-3(c)(2)(i)**(and any successor regulation thereto) as promulgated by the SEC under Section 16(b) of the Exchange Act, as such rule is amended from time to time and as interpreted by the SEC. The appellant Shane Christopher Buczek, did in fact asserts his rights under the Seventh Amendment of the United States Constitution, and pursuant to the laws of the state of New York all matters of fact and law at controversy, as set forth herein in the lower court and USDC for the WDNY but denied and STOPED. David P. Case is an attorney in a mortgage foreclosure mill known as **Fein, Such and Crane, LLP**. He is licensed to practice

law in the state of New York, and as such is responsible for the authenticity, verification and truthfulness of all documents submitted to any court in the state of New York on behalf of his clients in the mortgage foreclosure action complained of by the Plaintiff in this case, under penalty of perjury. Is **David P. Case** subject to the laws of the state of New York? As a practicing attorney, subject to disbarment for filing false documents, or preparing them, in the due course of a foreclosure action, **the David P. Case** is held to a higher legal standard. He is subject to the New York State Bar regulations and regulations, laws and codes of the United States concerning, among other things the **Fair Debt Collection Practices Act (FDCPA)** and the **New York Debt Collection Laws (NYDCL)** in his capacity as a debt collector in any foreclosure action. The record has substantial questions presented for appellate review see Appendix and Brief. See **FRAP 28(a)(5).** The following issues are presented by this Appeal:

1)    Was there insufficient evidence to support sanctions for challenging the **fraudulent proof of claim**?

2)      Was Appellant Shane Christopher Buczek denied due process based on the Court having **no evidentiary hearing** from the BK Court from the **December 16,2019** hearing?

3)      Did the court err by calling the Final Arbitration award bogus void and unenforceable was clearly erroneous?

4)      Can KeyBank N.A., DBA Non-Party KeyBank N.A. commit perjury and file a **fraudulent proof of claim** making the appellant liable for a debt that does not exist with no genuine original instrument, nor any contract signed by the appellant?

5)      Is the Trustee Julie Philippi the Chapter 13 Trustee 110 Pearl St. Ste 6th Floor Buffalo, New York 14202 **obligated it to validate the proof of claim** that was filed in his bankruptcy case?

**6)**      The bankruptcy court, 1) failed to afford Appellant an **evidentiary hearing as required by FRBP 9014** concerning his contested claims disputing the validity of evidence, proof of claim, and required attachment, relied upon and, failed to make findings of facts and conclusions of law under FRBP 9033 regarding Appellant's contestations that Nationstar is, in fact, a disinterested person in this case as defined under 11 U.S.C. § 101(14),pursuant to **FRBP Rule 3001(c)(2) (c).** See FRAP 28(a)(6), LR 28.1

7)      Does KeyBank N.A. have the genuine original note with blue wet ink signature with a contract with Appellant, Shane Christopher Buczek.

## FIRST ARGUMENT

## STATEMENT FACTS PRESENTED TO THE ARBITRATION FORM
### See FRAP 28(a)(7)

The Appellee has never had any power of attorney from
KeyBank N.A., Non-Party KeyBank N.A. as consistently believed that
KeyBank N.A., Non-Party KeyBank N.A. Appellee is moving in bad
faith four years and nothing's been done about it in fact only one judge
in the last 10 years has made a ruling based on the facts of the fraud of
this outrageous law firm that should have been indicted and sent to
federal prison a long time ago please see below. The BK AND USDC
IN THE WDNY (Buffalo Division) Courts has refused to look at the
facts that the Appellant must have his evidentiary. Appendix B-77

See Appendix (C-103) with no power of Attorney from KeyBank N.A.

| | | |
|---|---|---|
| 12/10/2019 | <u>148</u><br>(102 pgs.) | Notice of Motion Seeking Rescheduling of Hearing Originally Scheduled for December 16, 2019, and Requesting Evidentiary Hearing. Filed on behalf of Debtor Shane Christopher Buczek (Nieves, J.) (Entered: 12/10/2019) |
| 12/30/2019 | <u>168</u><br>(25 pgs.) | Notice of Motion of Rehearing of Hearing Scheduled for January 6, 2020, and Requesting Evidentiary Hearing. Filed on behalf of Debtor Shane Christopher Buczek (Nieves, J.) (Entered: 12/30/2019) |
| 02/13/2020 | <u>228</u><br>(54 pgs.;<br>3 docs) | **Transcript regarding Hearing Held 12/16/2019** RE: Motion. Remote electronic access |

| | | to the transcript is restricted until 5/13/2020. The transcript may be viewed at the Bankruptcy Court Clerk's Office. Contact the Court Reporter/Transcriber Diane S. Martens, Telephone number 585-613-4311. TRANSCRIPT PURCHASED BY: Shane Christopher Buczek 435 Creekside Drive, Suite 200 Amherst, NY 14228 Notice of Intent to Request Redaction Deadline Due By 2/20/2020. Redaction Request Due By 3/5/2020. Redacted Transcript Submission Due By 3/16/2020. Transcript access will be restricted through 5/13/2020. (Nieves, J.) (Entered: 02/13/2020) |
|---|---|---|

https://www.dailykos.com/stories/2012/10/23/1148792/-Fein-Such-Crane-Foreclosure-mill-attorneys-partners-have-history-of-robo-signed-documents-Fraud

**Fein, Such Crane Foreclosure mill attorneys & partners have history of robo-signed documents/Fraud**
Dated October 23, 2012
By-mortgage-Movies: King Cast and Judge Arthur Schack put a stake through IndyMac and Fein, Such & Kahn's hearts in IndyMac v. Meisels, 2012 NY Slip Op 51902.
Conclusion
Accordingly, it is
**ORDERED**, that the motion of defendant MENDEL MEISELS to

vacate the July 27, 2010 order of reference, pursuant to **CPLR Rule**

**5015(a)(4),** for the premises located at 2062 61st Street, Brooklyn, New

York (Block 5528, Lot 33, County of Kings), for lack of personal

jurisdiction by plaintiff INDYMAC FEDERAL BANK, FSB, is

granted; and it is further

**ORDERED**, that because plaintiff INDYMAC FEDERAL BANK,

FSB ceased to exist prior to the commencement of the instant action,

16

the instant complaint, Index No. 8752/09 is dismissed with prejudice; and it is further.

ORDERED, that the notices of pendency filed with the Kings County Clerk on April 9, 2009, and March 9, 2012, by plaintiff, <u>INDYMAC FEDERAL BANK, FSB</u>, in an action to foreclose a mortgage for real property located at 2062 61st Street, Brooklyn, New York (Block 5528, Lot 33, County of Kings), is cancelled and discharged; and it is further

**ORDERED**, that it appearing that counsel for plaintiff INDYMAC FEDERAL BANK, FSB, **Mark K. Broyles, Esq**. and his firm, Fein, Such & Crane, LLP engaged in **"frivolous conduct**," as defined in the Rules of the Chief Administrator, 22 NYCRR § 130 1(c), and that pursuant to the Rules of the Chief Administrator, 22 NYCRR § 130.1.1(d), "[a]n award of costs or the imposition of sanctions may be made ... upon the court's own initiative, after a reasonable opportunity to be heard," this Court will conduct a hearing affording: plaintiff's counsel **Mark K. Broyles, Esq**.; and, his firm, Fein, Such & Crane, LLP; "a reasonable opportunity to be heard" before me in Part 27, on Monday, November 5, 2012, at 2:30 P.M., in Room 479, 360 Adams Street, Brooklyn, N.Y. 11201; and it is further

**ORDERED**, that Ronald David Bratt, Esq., my Principal Law Clerk, is directed to serve this order by first-class mail, upon: **Mark K. Broyles, Esq., Fein, Such & Crane, LLP**, 28 East Main Street, Suite 1800, Rochester, New York 14614; and, Fein, Such & Crane, LLP, 28 East Main Street, Suite 1800, Rochester, New York 14614.

This constitutes the Decision and Order of the Court.

Furthermore, Appellant did in fact move the BK Court and the District Court to remand for an Evidentiary hearing to determine the issues and the questions of fact disputed between this Appellant and the Appellee KeyBank N.A., DBA Non-Party KeyBank N.A. which exist in this case, as set forth more specifically in the Brief. **The** Evidentiary Hearing is an integral part in the informed judicial process necessary to make a determination upon the merits of Appellee to prove the claim. **An Evidentiary Hearing Rule 9014 is mandated in this case because**: See **Rule 9014. Contested Matters** (d) **Testimony of Witnesses.** Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding. (e) **Attendance of Witnesses**. The court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary

hearing at which witnesses may testify. The question of the amount owed to KeyBank N.A., DBA Non-Party KeyBank N.A., lacking an original unaltered security instrument, is a "question of fact" disputed between Appellant and KeyBank N.A., DBA Non-Party KeyBank N.A., to be determined at an evidentiary hearing. See Rule 9014 See **Appendix (C-105-208)** demanding an evidentiary hearing which was denied and transcripts for 12/16/2019 **Appendix (C-209-284)**

Bankruptcy Code and rules did not preclude debtors' Fair Debt Collection Practices Act (FDCPA) claims against law firm that Appellee sent noncompliant subpoenas for examination of debtors; firm could have complied with subpoena rules on one hand and with FDCPA on other. **Simon v. FIA Card Servs., N.A.,** 732 F.3d 259, 2013 U.S. App. LEXIS 20403 (3d Cir. 2013). The Note and Mortgage has never existed in this matter and never presented to the Bankruptcy Court. **MUST SEE Appendix (C-285-300)** with forgery of Official Form 410 Proof of Claim with a notice of mortgage payment and violation of federal state law for perjury and falsifying documents By **Christine Banaszak please take notice that a person that follows a fraudulent proof of claim is fine up to $500,000 and imprisonment of five years or both see 18 U.S.C 152,157 and 3571**

Appellee, KeyBank N.A., DBA Non-Party KeyBank N.A. has
failed to provide any factual original Mortgage or Note or other valid
original security instrument sufficient to show an ownership interest in
any claim against this Appellant, nor have they complied with the
requirements of **UCC § 3-804** by providing the required bond to the
Bankruptcy court which allows them to present a claim.

As, such KeyBank N.A., DBA Non-Party KeyBank N.A. is not
properly before this court to make any claim against Appellant on
appeal from the United States Bankruptcy Court for the Western
District of New York Case Number 19-11441-CLB.KeyBank N.A.,
DBA Non Party KeyBank N.A. has failed to provide the required proof
of signatures and status as holder in due course pursuant to **UCC § 3-
307**. See Subsection (4) of Section 152 sets out the offense of filing a
false bankruptcy claim. A "claim" is a document filed in a bankruptcy
proceeding by a creditor of the debtor. It is sometimes also called "proof
of claim." For the purposes of this section the nature of the claim is
immaterial i.e., the claim can be secured or unsecured, liquidated or
unliquidated, disputed or undisputed. A "false" claim is one that is
known by the creditor to be factually untrue at the time the claim is
filed. Attorney **Dave P. Case,** among other things, has been in violation

20

of the Fair Debt Collection Practices Act (FDCPA) and the New York
Debt Collection Laws (NYDCL) in his capacity as a debt collector in
any foreclosure action by fabricating forged documents.

## SECOND ARGUMENT

Does the appellant have a right to file an **adversary proceeding**
after the proof of claim has been filed by KeyBank with no contract and
no genuine original blue note? Can Judge Bucki deny the Subpoena to
produce standing for KeyBank N.A. For the reason verification and
endorsement of the documents relied upon by Attorney Dave P Case
where he is subject to the laws and regulations of the state of New York
and the United States, especially concerning the Truth-in-Lending
Regulations and other laws of the state of New York and the United
States. An adversary proceeding can technically refer to **any case in
which two opposing parties resolve a dispute through a neutral
third party**, however, the term is more frequently used to refer to a
specific type of action in bankruptcy court. **See Appendix (D 307-408)**

In 1987, Fed. R. Bankr. P. 1001 was amended to provide that it
governs "procedures in cases under title 11 of the United States Code."
The rule formerly provided that it governed "procedures in United
States Bankruptcy Courts in cases under chapters 7, 9, 11 and 13 of title

11 of the United States Code." The purpose of the amendment was to ensure that the Bankruptcy Rules apply to cases and proceedings under title 11, whether presided over by district judges or bankruptcy judges. Advisory Committee Notes to 1987 Amendments to Fed. R. Bankr. P. 1001.Accordingly, it has been held that district and bankruptcy courts should apply the Bankruptcy Rules when presiding over adversary proceedings. See Rosenberg v. DVI Receivables XIV, LLC, 818 F.3d 1283, 1287, 62 Bankr. Ct. Dec. (CRR) 128, Bankr. L. Rep. (CCH) P 82945 (11th Cir. 2016); In re Celotex Corp., 124 F.3d 619, 630 (4th Cir. 1997); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1236–37, 25 Bankr. Ct. Dec. (CRR) 779, 30 Collier Bankr. Cas. 2d (MB) 1553, Bankr. L. Rep. (CCH) P 75828, 28 Fed. R. Serv. 3d 610 (3d Cir. 1994); Diamond Mortg. Corp. of Illinois v. Sugar, 913 F.2d 1233, 1240–41, 20 Bankr. Ct. Dec. (CRR) 1669, 23 Collier Bankr. Cas. 2d (MB) 1275, Bankr. L. Rep. (CCH) P 73624 (7th Cir. 1990); In re Lac-Megantic Train Derailment Litigation, 999 F.3d 72, 80–83, 70 Bankr. Ct. Dec. (CRR) 74 (1st Cir. 2021), cert. denied, 142 S. Ct. 2751 (2022).

The main reason **THE CLERK OF THE COURT** did not serve this adversary proceeding is because it was **DIRECTED NOT TO**

**ISSUE** A **SUMMONS** By **Judge Bucki Bankruptcy Court.** But
why????

So, there you go, the banks control the Courts and just about
everything else right down to our mainstream news media departments.
This is why there has been no stories on this case, it has been blocked.

Please note that an ***adversary proceeding*** pursuant to Bankruptcy
Code Section 523(a)(3) is a matter of a right the alleged Note has yet to
be presented by the "non-parties" by KeyBank N.A. with the name of
Shane Christopher Buczek.

| | | | |
|---|---|---|---|
| | | <u>299</u><br>(364 **pgs.**;<br>7 docs) | Adversary case 1-20-01035. 21 (Validity, priority or extent of **lien** or other interest in property). **Complaint Filed** by Shane Christopher Buczek vs KeyBank, N.A., **Giovanna Sainato, Christine Banaszak, Dave P Case**. Statutory Fee Due: $350. (Attachments: # <u>1</u> Attachment 1-3 # <u>2</u> Attachment 4-5 # <u>3</u> Attachment 6-7 # <u>4</u> Attachment 6-7 Cont. # <u>5</u> Cover Sheet # <u>6</u> Summons) (Flag set: AP, APpending) (Pinto, M.) (Entered: 07/27/2020) |
| 07/27/2020 | | | |

***Defendant***
----------------------
**KeyBank, N.A., *(KeyBank)***

represented by **KeyBank, N.A.**
PRO SE

***Defendant***
----------------------
**Giovanna Sainato, *Senior Specialist KeyBank***

represented by **Giovanna Sainato**
PRO SE

*Defendant*
\------------------------
**Christine Banaszak**                                    represented by **Christine Banaszak**
                                                          PRO SE


*Defendant*
\------------------------
**Dave P Case, *"JOHN DOES" and "JANE***          represented by **Dave P Case**
***DOES", said names being fictitious, these***              PRO SE
***parties intended as those being known and***
***unknown, and which may become known***
***during and throughout these proceedings, Et.***
***Al.***

| Filing Date | # | Docket Text |
|---|---|---|
| 07/27/2020 | 1 (364 pgs.; 7 docs) | Adversary case 1-20-01035. 21 (Validity, priority or extent of line or other interest in property). **Complaint Filed** by Shane Christopher Buczek vs KeyBank, N.A., Giovanna **Sainato**, Christine Banaszak, Dave P **Case.** Statutory Fee Due: $350. (Attachments: # 1 Attachment 1-3 # 2 Attachment 4-5 # 3 Attachment 6-7 # 4 Attachment 6-7 Cont. # 5 Cover Sheet # 6 Summons) (Flag set: AP, APpending) (Pinto, M.) (Entered: 07/27/2020) |
| 07/28/2020 | 2 | Clerk's Note: PER ORDER ENTERED JULY 28, 2020, CASE NO. 19-11441 AT DOC. NO. 306, **THE CLERK OF THE COURT IS DIRECTED NOT TO ISSUE A SUMMONS. (TEXT ONLY EVENT) (Nieves, J.) (Entered: 07/28/2020)** |

## See Appendix (E) Full ADVERSARY PROCEEDING COVER SHEET AND SUBPOENA TO PRODUCE DOCUMENTS IN BK COURT ALL DENIED!

Why do we have bankruptcy rules and federal rules of Civil

procedure if nobody follows them and not enforced by the lower court

including the bankruptcy court what is the purpose?

24

KeyBank N.A. should follow Rule 3006 by withdrawal of Claim. See **Rule 3006. Withdrawal of Claim; Effect on Acceptance or Rejection of Plan**

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to **§705(a)** or appointed pursuant to **§1102** of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The BK Court and the District Court failed to come to a conclusion for findings facts and conclusion of law that is automatically required. It's mandatory pursuant to the Court's

findings of fact pursuant to **Rule 52 of the Federal Rules of Civil Procedure,** as made applicable herein by Bankruptcy Rules 7052 and 9014. See **Appendix (E-677-686)**

### This rule is derived from former Rules 305 and 10–404.

Since 1938 it has generally been held that Rule 41 F.R.Civ.P. governs the withdrawal of proof of claim. *In re Empire Coal Sales Corp.*, 45 F. Supp. 974, 976 (S.D.N.Y.), aff'd sub nom. *Kleid v. Ruthbell Coal Co.*, 131 F.2d 372, 373 (2d Cir. 1942); *Kelso v. MacLaren*, 122 F.2d 867, 870 (8th Cir. 1941); *In re Hills*, 35 F. Supp. 532, 533 (W.D. Wash. 1940). Accordingly, the cited cases held that after an objection has been filed proof of claim may be withdrawn only subject to approval by the court. This constitutes a restriction of the right of withdrawal as recognized by some though by no means all of the cases antedating the promulgation of the Federal Rules of Civil Procedure. See 3 Collier *Bankruptcy*, **57.12** (14th ed. 1961); Note, 20 Bost. U. L. Rev. 121 (1940).

## THIRD ARGUMENT

## See FRAP 28(a)(8) REQUEST FOR AFFIRMATION OF DEFAULT JUDGMENT REGARDING ARBITRATION AWARD MUST BE confirmed

The law firm **Shapiro, Dicaro and Barak** filed altered, forged, inaccurate records, documents and suppositions offered by Non-Party **Michael Chatwin** in his Motion without no foundation, including an examination for authenticity and enforceability, could likely lead to a wrongful determination by lower courts that KeyBank N.A. is a party in interest and has a secure creditor position in these proceedings based upon false pretenses. (In **re Bay Vista of Va. Inc., 428 B.R. 197** (Bankr. E.D. VA. 2010).Were the Appellant's constitutionally guaranteed rights to due process afforded by the fifth and fourteenth amendments violated by the Bankruptcy Court issuing a Summary Judgment Order in favor of the Nationstar Mortgage dba Non-Party KeyBank N.A. without **Appellant** Shane Christopher Buczek ever having received proper notice or a copy of the Nationstar's Motion as filed with the court before the hearing to determine the Motion for the (30) day notice. **See Appendix (E) See Doc. 365 point -4- lacking any findings that the Arbitration award is based on fraud.**

27

## FOURTH ARUGEMENT

**Did the court go outside the jurisdiction and make the arbitration award void? Did Nationstar Mortgage, LLC failed to dispute, argue, or move to vacate for cause under 9 U.S.C. § 10 within the three months allotted in 9 U.S.C. § 12.**

The following information listed below was presented to the arbitration panel. Appellee Non-Party KeyBank N.A. did not attend or participate in the hearing nor did you move to **vacate the award** or **vacate an arbitration award.** See The Supreme Court has continuously determined that issues "once delegated by the parties to the Arbitrators, the Court has 'no business weighing the merits of the grievance'" Henry Schein, Inc. V. Archer & White Sales, Inc. Supreme. Ct. (2019).

The **original genuine** *blue wet ink* signature NOTE, and MORTGAGE comprised of its front side and back side showing all original blue wet-ink signatures of all front side endorsements and of all back side indorsements of subsequent holders/owners of the subject original NOTE and MORTGAGE (The missing original NOTE and MORTGAGE are not present in the evidence file of this bankruptcy case).

See (SEE **United States v. Throckmorton**, 98 U.S. 61 (1878)
"There is no question of the general doctrine that fraud vitiates the most
solemn contracts, documents, and even judgments." Please see
Appendix (D-687-894)

**Federal Arbitration Act, (F.A.A.) 9 U.S.C. § 1-16; 201-216;
301-316**; sets out the legislative intent and framework for the
enforcement of arbitration agreements and arbitration awards in the
United States. See The Arbitration Act creates a body of Federal
Substantive Law … applicable to state and federal court' Southland
Corp v. Keating, 465 US 1, 14 (1984) See also: Southland, 465 US at
10; Prima Paint Corp. V Food & Conklin Mfg. Co., 388 US 395 (1967).

In 1984 the Supreme Court made it clear that it was Congress'
intention by creating and enacting the F.A.A. that of overcoming the
continuing judicial hostility toward arbitration. See Arbitration Is an
Alternative Dispute Resolution (ADR)process, governed by
Administrative Law was prescribed & codified in the F.A.A., **9 U.S.C.
§ 1-16; 201-216; 301-316**. The Courts are limited in their ability in their
ability to interfere with the parties right to contract and to utilize an
arbitrator rather that a court to resolve their disputes. See Rent-A-
Center, 561 US at 63, **68-70** and First Option, 514 US at 938, **940-944**.

**ORDERS BY JUDGE BUCKI IS A PROCEDURAL BAR**

Since that time, the Supreme Court, by its multiple decisions, implemented a 'national policy favoring arbitration. The Federal Arbitration Act ('FAA') governs confirmation of an award rendered in a FINRA arbitration." **Dischner v. Zachs**, No. 16 CV 04191, 2016 WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016) (citing STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68, 71, 73-78 (2d Cir. 2011); **Wells Fargo Advisors, LLC v. Mercer**, 14 CV 9279, 2016 WL 110526, at *1 (S.D.N.Y. Jan. 8, 2016)). Under the FAA, the losing party in an arbitration proceeding has (3) three months to move for vacatur or modification of the arbitration award following the proceeding. **See 9 U.S.C. § 12.** "When the three-month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." **Florasynth, Inc. v. Pickholz**, 750 F.2d 171, 177 (2d Cir. 1984). Additionally, section 9 of the FAA provides that a petition to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made" and must be sought "within one year after the award is made[.]" 9 U.S.C. § 9.Courts in this Circuit "generally use the 'Blair

standard' to defer to an arbitrator's award." **Finkel v. Uptown Commc'ns & Elec., Inc**., No. 20 CV 3303, 2022 WL 2467471, at (E.D.N.Y. Apr. 12, 2022). Under Blair, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." **D.H. Blair & Co. v. Gottdiener**, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted).

Moreover, a respondent's failure to reply to a petition to confirm an arbitration award is treated as an **unopposed motion for summary judgment**. Id. Thus, to prevail, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Vt. **Teddy Bear Co. v. 1-800 Beargram Co**., 373 F.3d 241, 244 (2d Cir. 2004). However, "in the context of a petition to confirm an arbitration award, the burden is not an onerous one." **Finkel v. Pomalee Elec. Co**., No. 16 CV 4200, 2018 WL 1320689, at (E.D.N.Y. Feb. 22, 2018) (quoting 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc., No. 13 CV 2608, 2014 WL 840965, at (S.D.N.Y. Mar. 4, 2014))

The contract exists as (1) the parties are competent; (2) Parties agree, and agreement is doable and fair; (3) that the agreement is workable; (4) that the parties performed a provision...; and (5) that there is an expiration date.

There is no indication that an adjournment of the arbitration hearing was requested or that objections to the hearing were made by Appellee creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A.

**Appellee fake-creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A., having been notified of the time and place of the hearing, <u>waived its right to be present and to be heard.</u>** See: Seldner Corp. v. W. R. Grace & Co., D. Md.1938, 22 F. Supp. 388. An ex parte arbitration award is not void. A party may expressly authorize an arbitrator to receive evidence even though that party is not present at the arbitration hearing. See: <u>Standard Magnesium Corporation v. Fuchs</u>, 10 Cir. 1957, 251 F.2d 455; <u>Kentucky River Mills v. Jackson</u>, 6 Cir. 1953, 206 F.2d 111, 47 A.L.R.2d 1331; <u>A/S Ganger Rolf v. Zeeland Transportation</u>, Ltd., S.D.N.Y.1961, 191 F. Supp. 359.

Appellee, On-Party KeyBank N.A. **failed to participate in the arbitration process after receipt of proper notification**. Prior to filing for Confirmation of the Award, Appellee creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A. had already accepted the Contract and Award.

Appellee, On Party KeyBank N.A. never challenge the contract or the Arbitration Award within the three months allotted by **9 U.S.C. § 12.** The Arbitrator had determined the contract was valid, irrevocable, and enforceable. Appellee, On Party KeyBank N.A. did not present to the Court any arguments of how the Contract and Arbitration Award are fraud and did not move the Court to void the Contract or vacate the Award.

**The Bankruptcy Court does not have jurisdiction to make any determination of the validity of the Contract after the Arbitrator had determined otherwise, and after Appellee creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A. as a matter of court records accepted the Contract and the Award without objection.**

See "The "wholly groundless" exception to arbitrability is inconsistent with the Federal Arbitration Act and this Court's precedent. Under the Act, arbitration is a matter of contract, and courts

must enforce arbitration contracts according to their terms. Rent-A-Center, <u>West, Inc. v. Jackson</u>, 561 U. S. 63, **67**. The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also "'gateway' questions of 'arbitrability.'" Id., at **68– 69**. Therefore, when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless. That conclusion follows also from this Court's precedent. See AT&T Technologies, Inc. v. Communications Workers, 475 U. S. 643, **649– 650**." Henry Schein, Inc., Et Al. V. Archer & White Sales, Inc. Sup. Ct. 17–1272 (2019).

**<u>Notice of a motion to vacate</u>** ... an [arbitration] award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." **9 U.S.C. § 12** (emphasis added). See also Franco v. Prudential Bache Sec., Inc., 719 F.Supp. 63 (D.P.R.1989) (refusing to hear claim when service was seventeen days late); Piccolo v. Dain, Kalman, & Quail, Inc., 641 F.2d 598 (8th Cir.1981) (refusing to allow pro se plaintiffs to proceed with a motion to vacate arbitration that was served twenty-one days late). See (A-27) "No exception to this three-month limitation period is mentioned in the

34

statute [9 U.S.C. § 12]. Thus, under its terms, a party may not raise a motion to vacate, modify, or correct an arbitration award after the three-month period has run...." **Florasynth, Inc. v. Pickholtz**, 750 F.2d 171, 175 (2d Cir.1984) (emphasis added). The wording of 9 U.S.C. § 12, "[n]otice of a motion to vacate ... must be served ... within three months ...," is clear on its face. Id.; see also Patchogue Nursing Ctr. v. Bowen, 797 F.2d 1137, 1143 (2d Cir.1986) (referring to the word "must" in a statute as "mandatory language").The only way the appellees would succeed to void the arbitration award FAA § 10 reads in relevant part: "(a) In any of the following cases the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration() Where the award was procured by corruption, fraud, or undue means ..... (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of a party have been prejudiced. (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made ...." 9 U.S.C. § 10(a) (1–4). This was ignored

35

by the western district of New York bankruptcy court including the United States District Court in a Western District in New York. See Each party seeks relief under the FAA. But the FAA itself does not confer federal jurisdiction. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008) ("As for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis.") (quoting **Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp**., 460 U.S. 1, 25, n.32, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). An independent basis for jurisdiction must therefore exist. See id.; **Vaden v. Discover Bank**, 556 U.S. 49, 59, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009); see also 9 U.S.C. § 4 (requiring independent basis for jurisdiction under Title 28). In the Second Circuit, "the existence of federal-question jurisdiction over an FAA petition turns on whether the district court would possess jurisdiction over the underlying dispute under the standards of [28 U.S.C.] § 1331." See **Doscher v. Sea Port Grp. Sec., LLC**, 832 F.3d 372, 388 (2d Cir. 2016). All Explain in Appendix (D -687-894) See **Appendix (D-page 781)** at Line 4-20 from Brief 1: 20-cv-01697-JLS on June 1st, 2021.

On **November 12,2019** Robert W. Griswold filed a **Fraudulent** Proof of Claim DOCUMENT with no Standing nor any power of Attorney in Case 1-19-11441-CLB Doc 138,Filed 11/12/2019 14:07:13 in violation of **McKinney's Penal Law § 210.45 § 210.45** Making a punishable false.

That the **Lost Note** and all other security instruments Appellee to be binding against Appellee Debtor, Shane Christopher Buczek private property in this case by the Appellee creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A. are inauthentic. That the Lost Note and all other security instruments Appellee to be binding against the private property by Appellee fake creditor Nationstar Mortgage, LLC d/b/a Non-Party KeyBank N.A. forged and altered.

## 9 U.S.C.A. § 12:  Notice of motions to vacate or modify; service; stay of proceedings:

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney **within three months after the award is filed** or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party, or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be

served by the marshal of any district within which the adverse party
may be found in a similar manner as other process of the court. For the
purposes of the motion any judge who might make an order to stay the
proceedings in an action brought in the same court may make an order,
to be served with the notice of motion, staying the proceedings of the
adverse party to enforce the award."

**See Full reports of the Abstract of Arbitration "Award"
recorded in Dallas County Instrument Number 202000167387 also
filed in the BK Court Case 1-20-01035 -CLB Doc. 1-4 Filed
07/27/2020 than recorded at the NY DOS of STATE filing number:
202004290224943 with all-purpose proof of service 11/01/2019 with
transcripts at (D 631-641)**

The "court must grant" confirmation "unless the award is vacated,
modified or corrected" under Section 10 or 11 of the FAA ([F] and [G].

**9 U.S.C. § 6**; An action commenced to confirm an award is, of course,
"[a]n application to the court" under the FAA, and thus, unless the FAA
otherwise provides, must be "made and heard in the manner provided
by law for the making and hearing of motions. The order from the
bankruptcy court was issued on September 17th, 2020, the notice of
appeal was filed on October 1st, 2020, making this matter done timely.

**Under the FAA, "challenges to an arbitration award 'upon the
application of any party to the arbitration,' are limited to the
following grounds**:

(1)      where the award was procured by corruption, fraud, or undue
means; (2)      where there was evident partiality or corruption in the
arbitrators, or either of them.

38

(3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

See Rich v. Sparta's, 516 F.3d 75, 81–82 (S.D.N.Y. 2008) (quoting 9 U.S.C. § 10(a)). "[I]f arbitrators 'rule [] on issues not presented to [them] by the parties, [they have] exceeded [their] authority and the award must be vacated.'" Fahnestock & Co., v. Waltman, 935 F.2d 512, 515 (2d Cir. 1991) (confirming compensatory arbitration award which was confined to the issues presented by the parties, but vacating punitive damages as arbitrators lacked the authority to award punitive damages under New York law) (quoting Dighello v. Busconi, 673 F. Supp. 85, 87 (D. Conn. 1987), aff'd mem., 849 F.2d 1467 (2d988)). "[T]the scope of authority of arbitrators generally depends on the intention of the parties to an arbitration and is determined by the agreement or submission . . . [which] serves not only to define, but to circumscribe, the authority of arbitrators." Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir. 1987) (quoting 6 C.J.S. Arbitration § 69, at 280–81 (1975)). "An inquiry under [9 U.S.C.] § 10(a)(4) asks 'whether the [a]rbitrators had the power, based on the . . . arbitration agreement, to

reach a certain issue, not whether the arbitrators correctly decided that issue.'" Nat'l Union Fire Ins. Co. v. Dana Corp., No. 05 Civ. 253 (DC), 2005 WL 857352, at *4 (S.D.N.Y. Apr. 12, 2005) (quoting Westerbeke Corp.v. Daihatsu Motor Co., 304 F.3d 200, 220 (2d Cir. 2002)). The Second Circuit has described the court's task as "determin[ing] . . . whether the arbitral award is merely the 'arbitrator[s'] own brand of justice.'" Banco de Seguros del Estado v. Mutual Marine Office Inc., 344 F.3d 255, 262 (2d Cir. 2003) (quoting Local 1199 v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992)). Under the FAA, a motion to vacate an arbitration award must be served within three months after the award is filed or delivered. 9 U.S.C. § 12. This three-month period "is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." Hamilton v. Navient Sols., LLC, No. 18 Civ. 5432 (PAC), 2019 WL 633066, at *4 (S.D.N.Y. Feb. 14, 2019) (denying motion to vacate as time-barred where service was completed "one day after a deadline for which there are no exceptions") (internal citation omitted).9 "'The Second Circuit has made clear that there is no exception to this three[-]month limitation period.'"M.J. Woods, Inc. v. Conopco, Inc., 271 F. Supp. 2d 576, 582

(S.D.N.Y. 2003) (quoting Kruse v. Sands Brothers & Co., 226 F. Supp.
2d 484, 486 (S.D.N.Y. 2002)).

**Nevertheless, KeyBank N.A., DBA Non-Party KeyBank N.A.**
**Appellee did not move to vacate the Award well outside of the**
**three-month statute of limitations well outside of the three-month**
**statute of limitations, which operates as an "absolute bar" to the**
**application seeking vacatur Hamilton, 2019 WL633066, at \*4.**

**Second Circuit said that "there is no exception" to the three-**
**month statute of limitations set by the FAA. Kruse, 226 F. Supp. 2d**
**at 486. Further, as in Milberg, KeyBank N.A., DBA Non-Party**
**KeyBank N.A. Appellee has not demonstrated diligence within the**
**three-month service period to warrant the equitable extension that**
**it seeks. 844 F. App'x at 400.** which operates as an "absolute bar" to
the application seeking vacatur. An application for judicial
confirmation of an arbitration award must be made **within one year of**
**the date the award is made**. See **9 U.S.C. § 9** this arbitration award
was presented to the bankruptcy court within the one year.

**KeyBank N.A., DBA Non-Party KeyBank N.A. commit perjury**
**and file fraudulent proof of claim?**

Were the Appellant's constitutionally guaranteed rights to due
process afforded by the fifth amendments violated by the Bankruptcy

Court issuing a Summary Judgment Order in favor of the Nationstar Mortgage dba Non Party KeyBank N.A.: (See: Carpenter v. Longan, 83 US 271, 273, 21 L. Ed 313 US Sup. CT.: "As a matter of law the Original Note and Mortgage must be produced by the creditor alleging a debt exists". " The mortgage and the Note are inseparable, the former as essential and the latter as incident".) As **<u>Affidavit of Lost Note</u>** signed under penalties of perjury by a person having second or third hand "knowledge" of the existence of an Appellee note constitutes perjury because that person never had possession, true knowledge or any proof of the existence of the Appellee note, as a matter of law.

(SEE: **<u>Longan, supra, Sup. Ct</u>**. 83 US 271, **<u>273</u>**: "An Appellee previous creditor's Affidavit of Lost Note does not substitute the necessity of an **<u>Original note</u>** to enforce a mortgage".)Therefore, the **<u>altered photocopied</u>** facsimile of a Note cannot constitute an original note as required under the law pursuant to the Supreme Court's requirements, as set forth in Longan, US 83, 271,**<u>273</u>**

The Appellee has complied with none of these requirements, and the court has failed or refused to force the Appellee to meet these requirements before issuing its ORDER and Fake Foreclosure with a Fake Proof of claim.

Appellee has failed to meet the requirements of **NY UCC § 3-804** by refusing to provide the bond necessary to proceed in a foreclosure action once the Note has been challenged.

### Fifth Argument Sanctions against Appellant for enforcing the Bankruptcy Rules

IS IT FAIR TO GRANTED SANCTIONS AGAINST PRO SE HOMEOWNER TO SAVE THE FAMILY PRIVATE PROPERTY BASED ON FRAUD BY THE Appellee **See Appendix (F) See Appellant's Brief in the WDNY Buffalo Division Doc. 8 filed 06/01/2021 & U.S. District-Court-Western-District-of-New-York-(Buffalo)-CIVIL-DOCKET FOR CASE #: 1:20-cv-01322-JLS Doc. 7 Filed 05/24/2021.**

### DISCUSSION

Appellant, Shane Christopher Buczek has suffered the unduly harsh sanction filed by the Bankruptcy court in the Western District of New York Bankruptcy Court where the trustee in this matter did absolutely nothing to admonish the attorney David P. Case for unjust enrichment take advantage of Appellant at the December 16,2019.

Where this hearing was filled with lies and fraudulent documents! The illegal **conspiracy** between foreclosure mill type law firms, like the ones operated

43

by the Defendants in this case, and the **unsecured** banks, like the Defendants in this case. These **illegal foreclosures** continue unchecked and involve the complicity of County Courts and judges that continuously deny due process and permit foreclosure actions to commence and proceed upon the basis of forged and otherwise incomplete or unenforceable securitization documents. See **Appendix (D-409)**

The "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." ***In re Green*, 422 B.R. 469, 473–74 (Bankr.S.D.N.Y.2010) (citing *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir.1996); *In re 680 Fifth Ave. Assoc.*, 218 B.R. 305, 323 (Bankr .S.D.N.Y.1998)** ("Bankruptcy courts have the same inherent sanction authority as district courts...."). Courts may use their inherent power to sanction attorneys or *pro se* parties in the course of litigation, so long as those actions were taken in bad faith. ***Id.* at 474 (citing *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir.2001); *U.S. v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir.2000); *Lubit v. Chase (In re Chase)*, 372 B.R. 142, 154–55 (Bankr.S.D.N.Y.2007)).** Which could be true buy not in this matter where Powell has done everything, he possibly do just to get an evidentiary hearing to prove that KeyBank nor the

attorney David P Case had any standing whatsoever to even file a proof of claim and use the bankruptcy rules to prove standing which was denied to the appellant.

*See generally* Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse, § 26 C.1. (4th ed.2008), at 4–7 ("Inherent power sanctions may be issued against attorneys, clients or *pro se* litigants."); *id.* § 27 A., at 4–26 ("A finding of bad faith on the part of the offender is a prerequisite to the imposition of an inherent power sanction."). The Appellant has filled the record from the bankruptcy court to the United States District Court an ample amount of fraud committed by attorney **David P Case**. Instead of the lower court bankruptcy court in the western district of New York giving findings facts and conclusions of law of why he has the authority to file fraudulent proof of claims and then ask for sanctions when he is the one that is committing all the fraud is quite frankly mind boggling.

The Appellant now turns to the order granting sanctions where the Second Circuit's instruction that courts should be sensitive to the difficulties faced by *pro se* litigants who appear in Federal Court. ***Fraser v. State of N.Y., SUNY at Stony Brook*, 769 F.Supp. 91, 95 (E.D.N.Y.1991) (citing *Patrick v. LeFevre*, 745 F.2d 153, 160 (2d Cir.1984))** ("This Court has long evinced a sensitivity toward the plight

of the **uncounseled** [plaintiff] attempting to navigate the technically-laden road to the courthouse" (internal citations omitted)).

Attorney Dave P. Case moved the BK Court for $2000 but was awarded $750 in the first order and the second order was $1000.00 for a total of $1700 signed by Judge Bucki. Amazing! Please see Appendix (D- 895-936) pursuant to the Federal Rules of Bankruptcy Procedure 9011(b) explaining the basis for the sanctions both courts did absolutely nothing and allowed this to be a firm is amazing.

See **Haines v. Kerner**, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (pro se complaint held to "less stringent standards than formal pleadings drafted by lawyers"); **Cavallary v. Lakewood Sky Diving Center**, 623 F.Supp. 242, 246 (S.D.N.Y.1985) (sanctions inappropriate against pro se litigant who "lacked the training to perceive legal inadequacies"). Therefore, the Second Circuit should reserve the lower Court decision and remand the lower court for findings facts and of law for Dave P Case request for sanctions. The pro se litigants," in **Maduakolam v. Columbia University**, 866 F.2d 53, 56 (2d Cir.1989), the imposition of sanctions against Pro See would be inappropriate.

46

Attorney Dave P Case is involved in collateral estoppel where the record clearly shows that the appellee does not have a contract, or our original genuine blue wet ink signature note and therefore lacks standing to even move forward in any proof of claim. Please see **Appendix (D-502-546)** January 27,2020 transcripts with KeyBank & **(D-548-557)** February 10,2020 transcripts showing the court that the appellant exhausted every means in the lower court and the United States District Court and still no evidentiary hearing. Also, **February 24,2020** more evidence showing amazing amount of fraud by <u>FEIN SUCH & CRANE, LLP</u> showing no contract or any original genuine blue wet ink signature note showing an injury or some kind of contract or anything, but several documents forge it altered also known as counterfeit securities. Amazing! See Appendix (D-583- 590) Fraud Statement by Appellee KeyBank N.A.

Furthermore, the  Bankruptcy Court violated Rule 9011 of the **<u>Federal Rules of Bankruptcy Procedure</u>** when it sanctioned Appellant.

The Motion FOR SANCTIONS Rule 9011 against **Fein, Such & Crane** with no power of Attorney from KeyBank N.A. d/b/a Non-Party KeyBank N.A. FOR Fraudulent: **OFFICIAL FORM 410S2**

**NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES.** Appellant submitted pleadings and other filings that, to the best of his knowledge, information, belief, and understanding, were not frivolous or intended to harass but, rather, intended to defend his property against what he believes is a **fraudulent claim** by KeyBank. The Bankruptcy court did not make any determination or state any findings to the contrary in its Order sanctioning Appellant. Since the order was split into (3) orders. The Bankruptcy Court violated Rule 9011 of the **Federal Rules of Bankruptcy Procedure** when it sanctioned Appellant.

**Rule 9011** further states that, on its own initiative, as was <u>not</u> done in this particular case, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. See **FRBP 9011(c)(3)** See **FRBP 9011(c)(1)(B)**, *On Court's Initiative*. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b)…

**On July 28, 2020, and August 26,2020 hearing was held on the same day of July 27 2020 but the orders were split in half,** Appellant (Debtor) was sanctioned $750.00 by the Bankruptcy court. Rule 9011(c)(3) of the **Federal Rules of Bankruptcy Procedure** (FRBP)

48

clearly states that in the Order, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed."

Finally how does the Appellee have relief from the automatic bankruptcy stay with no loan or sign contract in the NAME of the Appellant with a fraudulent proof of claim where the BK Court denied the evidentiary hearing the proof standing? See **Appendix D-937-974**

| | | 301 | **Hearing Held - Motion for Sanctions filed by Debtor is Denied. Cross Motion for Sanctions filed by Creditor KeyBank is Granted in the amount of $715 and the balance of the motion is resolved by Trustee's Cross Motion requesting dismissal of case which is Granted. Trustee to submit proposed order of dismissal. Telephonic Appearances: Janet MacDonald for the Ch 13 Trustee, V. Vilkhu, Debtor Shane Christopher Buczek (TEXT ONLY EVENT) (re: related document(s)279 Motion for Sanctions filed by Debtor Shane Christopher Buczek, 283 Cross Motion filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION). Modified on 7/27/2020 (Gentz, M.). (Entered: 07/27/2020)** |
|---|---|---|---|
| 07/27/2020 | | | |

## **CONCLUSION**

The appellant points out that all these issues were filed before they dismissed the bankruptcy case. See 07/27/2020-Document 301-Hearing Held Motion for Sanctions filed by Debtor is Denied. Cross Motion for Sanctions filed by Creditor KeyBank is Granted in the amount of $715 and the balance of the motion is resolved by Trustee's

Cross Motion requesting dismissal of case which is Granted. Trustee
to submit proposed order of dismissal. Telephonic Appearances: Janet
MacDonald for the Ch 13 Trustee, V. Vilkhu, Debtor Shane
Christopher Buczek (TEXT ONLY EVENT) (re: related
document(s)279 Motion for Sanctions filed by Debtor Shane
Christopher Buczek, 283 Cross Motion filed by Notice of Appearance
Creditor KEYBANK NATIONAL ASSOCIATION). Modified on
7/27/2020 (Gentz, M.). (Entered: 07/27/2020).

**08/25/2022**    422 (1 pg.) DISTRICT COURT JUDGMENT.
regarding appeal. CIVIL ACTION CASE NO.: 20-CV-1046-JLS.
JUDGMENT in favor of Key Bank National Association against
Shane Christopher Buczek. Signed by Mary C. Loewenguth on
8/24/22 (RE: related document(s)421 District Court Order). Modified
on 8/25/2022 (Nieves, J.). (Entered: 08/25/2022)

**08/25/2022**    423 (1 pg.) DISTRICT COURT JUDGMENT.
regarding appeal. CIVIL ACTION CASE NO.: 20-CV-1322-JLS.
JUDGMENT in favor of KeyBank National Association against
Shane Christopher Buczek. Signed by Mary C. Loewenguth on
8/24/22 (RE: related document(s)421 District Court Order). Modified
on 8/25/2022 (Nieves, J.). (Entered: 08/25/2022)

**08/25/2022** 424 (1 pg.) DISTRICT COURT JUDGMENT regarding Appeal. CIVIL ACTION CASE NO.: 20-CV-1697-JLS. JUDGMENT in favor of KeyBank National Association against Shane Christopher Buczek. Signed by Mary C. Loewenguth, on 8/24/22 (RE: related document(s)421 District Court Order). (Nieves, J.) (Entered: 08/25/2022)

**08/30/2022** 425 Clerk's Note: A Notice of Appeal to the Second Circuit of the District Court's Order/Judgment was filed on August 29, 2022, in District's case No. 20-cv-1445(TEXT ONLY EVENT) (re: related document(s) 372 Notice of Docketing Matter to District Court/COA, 419 District Court Order/Judgment). (Nieves, J.) (Entered: 08/30/2022)

**09/19/2022** 426 Clerk's Note: A Notice of Appeal to the Second Circuit of the District Court's Order/Judgment was filed on September 16, 2022, in District's case No. 20-cv-1046 (TEXT ONLY EVENT) (re: related document(s)319 Notice of Appeal filed by Debtor Shane Christopher Buczek, 421 District Court Order/Judgment). (Nieves, J.) (Entered: 09/19/2022)

Appellant, having validly demonstrating the issues of material facts in this appeal where the appellant moves the Second Circuit Court of appeals to remand this case back to the United States District Court in the WDNY with an order forcing the bankruptcy court to finally put an end to this by having an **evidentiary hearing** pursuant to the federal rules bankruptcy procedure-**FRBP-9014**.Furthermore, where the Second Circuit that "there is no exception" to the three-month statute of limitations set by the FAA. Kruse, 226 F. Supp. 2d at 486. Further, as in Milberg with a decision regarding the arbitration award properly presented to the bankruptcy court for findings facts and conclusions of law and why this award cannot be confirmed. See 9 U.S.C. § 12. **This three-month period** "is a statute of limitations and the failure to bring a timely motion is an absolute bar for KeyBank N.A.

The appellant cannot simply just file an improper claim and falsified documents and stamp copies to make them look original and then cut and paste the appellant's name.

**Rule 9011** further states that, on its own initiative, as was done in this particular case, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

Here, the Bankruptcy and United State District Court in the western District of New York (Buffalo Division) court failed to describe the specific conduct that appeared to violate subdivision **(b) of Rule 901.**

Lastly Trustee **Julie Philippi Chapter (13) Trustee** at 170 Franklin Street Suite 600 in Buffalo New York failed to read her duties as at **11 USCA & 704.**This matter is so amazing even a homeless person could have filed the proof of claim then pocketed several $1000 US Dollars... i mean this is absolutely incredible! See § 704. Duties of trustee, **11 USCA § 704 (5)** if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper.

The damages suffered by the Appellant , at the hands of the Appellee, as a result of their illegal and **horrific acts** are **triable** issues of fact and law. Likewise, the amount of these actual damages, and punitive damages, are triable issues of fact and therefore the adversary proceeding should move forward with proper service and the issuance of the summons. The Appellant has validly demonstrated that he was denied his right to an evidentiary hearing by the Bankruptcy Court, and Appellant respectfully requests that this Court reverse revers all

decisions for further proceedings in the United states District Court or the alternative the bankruptcy court for findings facts and conclusions of law set forth within this brief.

WHEREFORE, based upon the foregoing, the Appellant has validly demonstrated that he was denied his right to an evidentiary hearing by the Bankruptcy Court, and Appellant respectfully requests that this Court reverse the order of the Bankruptcy Court denying the evidentiary hearing, and remand this case back to the bankruptcy court for a decision consistent with this Appellate Court's decision.

Respectfully submitted **February 27th, 2023**, I, Shane Christopher Buczek do hereby affirm under penalty of perjury that the foregoing is truthful and correct to the best of my knowledge and belief.

By:

Shane Christopher Buczek

## **CERTIFICATE OF COMPLIANCE**

I, Appellant, Shane Christopher Buczek certify that this brief contains

**10,989 words** and that the foregoing brief complies with the

requirements of **Rule 32 (a) (7) (B)** of the Federal Rules of Appellate

Procedure. The typeface used was 14 Point Times Roman.

Dated: February 27th, 2023

Respectfully submitted,

Shane Christopher Buczek

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

In Re:Shane Christopher Buczek

*Appellant*

v.

**CERTIFICATE OF SERVICE\***

Docket Number: 22-2045-CV

KeyBank National Association *, Appellee*

I, Shane Christopher Buczek , hereby certify under penalty of perjury that

(print name)

on February 27,2023 , I served a copy of Brief of Appellant ALSO served by (Pacer)

(date)

Brief -KeyBank National Association ---- 1:20-cv-01046-JLS, 1:20-cv-01046-JLS,1: 20-cv-1697-JLS and Western District of New York (Buffalo) Bankruptcy Petition #: 1-19-11441-CLB

(list all documents)

by (select all applicable)\*\*

___ Personal Delivery    **X** United States Mail    ___ Federal Express or other
Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Dave P Case | 28 East Main Street | Rochester | NY | 14614 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

02/27/2023

Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

56

*Private Confidential*
Shane Christopher Buczek
435 Creekside Drive  Ste 200 East
Amherst New York [14228]
private confential

TO: 2nd Circut Cout Appeals

Clerk Connie MAZAriego

Thurgood Marshall U.S. Courthouse
Clerk's Office 2nd Floor
40 Foley Square
New York, NY 10007



**UNITED STATES POSTAL SERVICE.**

*Retail*

US POSTAGE PAID

**$40.65**

Origin: 14241
03/02/23
3510370241-20

## USPS RETAIL GROUND®

33 Lb 5.2 Oz

**RDC 12**

C099

SHIP TO:

40 FOLEY SQ
NEW YORK NY 10007-1502

USPS TRACKING® #

9534 6139 0637 3061 8072 56