# 22-2045

## United States Court of Appeals
*for the*
## Second Circuit

---

IN RE: SHANE CHRISTOPHER BUCZEK,

*Debtor.*

---

SHANE CHRISTOPHER BUCZEK,

*Debtor-Appellant,*

– v. –

KEY BANK NATIONAL ASSOCIATION,

*Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## BRIEF FOR APPELLEE

DAVID P. CASE
FEIN, SUCH & CRANE, LLP
*Attorneys for Appellee*
28 East Main Street, Suite 1800
Rochester, New York 14614
(585) 232-7400

## CORPORATE DISCLOSURE STATEMENT

KeyBank, National Association, Appellee in this matter, is wholly owned by its parent corporation, KeyCorp, an Ohio Corporation. KeyCorp is a publicly traded corporation on the New York Stock Exchange under the ticker symbol KEY.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF AUTHERITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

APPLICABLE STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

    I.    THE DISTRICT COURT PROPERLY AFFIRMED THE BANKRUPTCY COURT'S ORDERS – ISSUED ORALLY ON JULY 27, 2020 AND BY WRITTEN ORDER ENTERED ON AUGUST 28, 2020 – REGARDING SANCTIONS . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

RULE 8015(h) CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES      Page No.:

Cavallary v. Lakewood Sky Diving Center,
  623 F. Supp. 242 (S.D.N.Y. 1985) ............................................................. 9

Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc.
(In re Metromedia Fiber Network, Inc.),
  416 F.3d 136, 139 (2d Cir. 2005) .............................................................. 6

Haines v. Kerner,
  404 U.S. 519 (1972) .................................................................................. 9

In re Hartford Textile Corp.,
  681 F.2d 895, 897 (1982) .......................................................................... 8

In re Sassower,
  20 F.3d 42, 44 (2d Cir. 1994) .................................................................... 8

In re. Schaefer,
  154 B.R. 227 (Bankr. S.D. Tex. 1993) ...................................................... 8

In re Truong,
  2009 Bankr. LEXIS 2440 at *23-24, 2009 WL 2929261, 09-11047
  (Bankr. S.D.N.Y. 2009) ............................................................................. 8

Maduakolam v. Columbia University,
  866 F.2d 53 (2d Cir. 1989) ........................................................................ 9

Tripati v. Beaman,
  878 F.2d 351 (10th Cir. 1989) ................................................................... 8

### Statutes

Bankruptcy Rule 9011(c) ..................................................................................... 7,8

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to 28 USC 158 insofar as the Appellant appealed from a final order of the Bankruptcy Court. The District Court affirmed the Bankruptcy Court's Order and Appellant filed a timely notice of appeal. This Court has jurisdiction of this appeal pursuant to 28 USC 1291.

## STATEMENT OF ISSUES

Did the District Court properly affirm the orders of the Bankruptcy Court – issued orally on July 27, 2020 and by written order entered on August 28, 2020 – regarding sanctions?

## STATEMENT OF FACTS

Appellee lent Appellant's mother $50,000.00, said loan being secured by a home equity line of credit mortgage encumbering certain real property in Derby, New York. SA-56-SA-71. When Appellant's mother defaulted on the loan, Appellee commenced a foreclosure action in State Court.

Appellant's mother participated in the foreclosure action, during which she deeded the premises to Appellant. SA-115-SA-117. When the State Court granted Judgment of Foreclosure and Sale, Appellant's mother filed for Chapter 13 Bankruptcy relief. SA-1001-SA-1041.

The automatic stay was lifted as to Appellee. SA-1042-SA-1045. Appellant then filed for Chapter 13 Bankruptcy relief on the eve of a foreclosure sale. SA-1-SA-33. Having received no treatment in any proposed Chapter 13 plan or post-petition payments on the Home Equity Line of Credit that was secured by the Debry Road premises, and based upon Appellant's lack of good faith in the Chapter 13 filing, Appellee moved to lift the stay, *in rem*, and for other relief. SA-34-SA-288.

The Bankruptcy Court (Bucki, J., presiding), granted Appellee's motion to lift the stay with 2-year *in rem* relief. SA-289-SA-293. The Bankruptcy Court then issued a corrective order. SA-380-SA-384. That order was appealed and affirmed by the District Court. SA-955-SA-974.

Appellant moved for a rehearing in the Bankruptcy Court. SA-294-SA-318. Appellant then made a separate motion in response to Appellee's opposition (SA-319-SA-323) to his motion for rehearing. Appellant also brought a separate motion to vacate the Order granting in rem relief. SA-324-SA-379. Appellant also filed a motion to extend the Section 341 meeting of creditors but used it as a vehicle to rehash and relitigate the same issued already decided. SA-390-SA-401. Appellant's motions were denied. App. P-1-Q-2. Appellee's first cross-motion (SA-402-SA-753) for sanctions was denied SA-760-SA-763. However, the Bankruptcy Court warned Appellant that if he continued the same course of conduct sanctions may be imposed in the future. SA-764-SA-788. Appellant also attempted to subpoena Appellee's Counsel which the Bankruptcy Court rejected. SA-754-SA-759.

When Appellee successfully moved for relief of the automatic stay, Appellant moved the Bankruptcy Court to have Appellee and its Counsel sanctioned for frivolous conduct, raising the same baseless arguments of fraud and lack of standing, which had already been litigated on five (5) previous occasions and determined to be without merit. SA-789-SA-884. In response, Appellee cross-moved to sanction Appellant for frivolous conduct. SA-885-SA-920. The Bankruptcy Court denied Appellant's motion for sanctions, and granted Appellee's cross-motion for sanctions – awarding Appellee $715.00 in sanctions from the Appellant. SA-921-SA-924.

Appellant moved for a rehearing, or in the alternative, a written decision for clarity; a proverbial sixth bite at the appeal in Bankruptcy Court. App. SA-925-SA-934. Appellee opposed and cross-moved for a pre-filing injunction enjoining Appellant from filing papers seeking relief against or based upon Appellee's mortgage. SA-935-SA-951. The Bankruptcy Court denied Appellant's moved and granted Appellee's cross-motion sanctioning Appellant $1,000.00 and issuing a pre-filing injunction. SA-952-SA-954.

Appellant appealed both orders to the United States District Court for the Western District of New York which affirmed the orders. SA-975-SA-1000.

## APPLICABLE STANDARD OF REVIEW

This Court exercises plenary review of the decisions of the District Court and Bankruptcy Court. It reviews conclusions of law *de novo* and findings of fact for clear error. <u>Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)</u>, 416 F.3d 136, 139 (2d Cir. 2005).

## SUMMARY OF ARGUMENT

The District Court properly affirmed the Bankruptcy Court's sanctions against the Appellant for frivolous and vexatious litigation under Bankruptcy Rule 9011(c). Pro se litigants are held to the same standards of an attorney and Appellant's position that he should be held to a lesser standard is without merit and lacks any basis in fact or law.

## ARGUMENT

I. **THE DISTRICT COURT PROPERLY AFFIRMED THE BANKRUPTCY COURT'S ORDERS – ISSUED ORALLY ON JULY 27, 2020 AND BY WRITTEN ORDER ENTERED ON AUGUST 28, 2020 – REGARDING SANCTIONS**

Contrary to Appellant's contentions, the District Court properly affirmed the Bankruptcy's Court orders – issued orally on July 27, 2020 and by written order entered on August 28, 2020 – regarding sanctions.

It is well established that Rule 9011 applies to *pro se* litigants and subjects them to the same standards as those applied to an attorney; once frivolous conduct is found sanctions are mandatory. In re. Schaefer, 154 B.R. 227 (Bankr. S.D. Tex. 1993)(Debtor sanctioned $2,000.00 for making a sixth application for the same relief). Pre-filing injunctions are a permissible exercise of the Court's discretion to deter vexatious and abusive litigation. See, In re Hartford Textile Corp., 681 F.2d 895, 897 (1982); In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994). "A federal court has well-recognized authority to restrict the activity of abusive litigants." In re Truong, 2009 Bankr. LEXIS 2440 at *23-24, 2009 WL 2929261, 09-11047 (Bankr. S.D.N.Y. 2009) citing Abdul-Akbar v. Watson, 901 F.2d 329 (3d Cir. 1990) and Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989). "In deciding whether to issue a filing injunction, a court must determine whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and

8

harass other parties." Id quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir 1986). Debtor's history of vexatious litigation outside of these proceedings are well documented. App. K-1-M-56, O-1-O-12, R-1-R-24, T-1-T-96, V-1-V-2, W-1-Z-26.

Here, it is clear that both the District and Bankruptcy Courts' decisions and orders were correct. As stated by Judge Sinatra, "the record makes plain that the Bankruptcy Court's award of sanctions here was both justified and reasonable. As evidenced by the extensive history of the litigation . . . [Appellant] , via serial filings, has repeatedly advances arguments that have been rejected by various courts multiple times." App. Z-20-Z-21.

Appellant's sole argument in support of his position is that as a pro se litigant he should be held to a less stringent standard than those of counsel. In support of this contention, Appellant relies on Haines v. Kerner, 404 U.S. 519 (1972); Cavallary v. Lakewood Sky Diving Center, 623 F. Supp. 242 (S.D.N.Y. 1985); and Maduakolam v. Columbia University, 866 F.2d 53 (2d Cir. 1989). Each is distinguishable, inapposite, and/or does not stand for Appellant's proposition.

In Haines, the Supreme Court stated that a pro se litigant is held to "less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520. Here, the issue is not how articulate Appellant has drafted his papers but his conduct, i.e., his voluminous and vexatious filings and continued attempts to

9

reargue matters of fact and law that have already been decided and explained on the record. App. H-1-J-30, P-1-R-24, T-1-T-96, U-1-U-36, Y-1-Z-26.

In Cavallary, the United States District Court for the Southern District of New York stated it would "not impose sanctions upon a *pro se* plaintiff who lacked the training to perceive legal inadequacies in his claim which counsel should have seen. But in the case at bar, plaintiff was told in no uncertain terms . . . that his claim . . . had no basis in law." Cavallary, 623 F. Supp. at 246. Here, like Cavallary, the Bankruptcy Court made it very clear, multiple times, that his claims lack merit, in Federal Court being bound by the State Court's Judgment, and yet he continues to advance the same arguments. Appellant's continued filings, including this appeal, constitute similar conduct to Cavallary and should result in the same conclusion, to wit: sanctions against Appellant.

In Maduakolam, the pro se plaintiff was sanctioned $3,243.50 representing the defendant's attorney's fees by the United States District Court for the Southern District of New York on the ground that his *single* application to reopen his case was time-barred. This Court reversed that award finding that "[t]here [was] nothing in the record to indicate that [the plaintiff] knew or should have known that his motion to reopen case was time-barred. Maduakolam, 866 F.2d at 56. Here, however, Appellant made voluminous filings which consistently try to reargue issues of law and fact that have long since been decided with the court's rationale

10

clearly articulated in the record. App. H-1-J-30, P-1-R-24, T-1-T-96, U-1-U-36, Y-1-Z-26. Unlike <u>Maduakolam,</u> in which the pro se plaintiff made a single good faith filing, Appellant has continued to use both the Federal and State court system in bad faith to harass Appellee and its counsel. Further, unlike <u>Maduakolam,</u> Appellant was warned that if he continued the same course of conduct sanctions may be imposed in the future.

    Appellant uses this appeal to again to try to relitigate his unsupported and baseless arguments the Note was forged, KeyBank does not have the original Note, KeyBank does not have standing, that Appellant was entitled to an evidentiary hearing, that he obtained an "arbitration" award, and other incomprehensible and nonsensical arguments and ad hominem attacks.

    Accordingly, the District Court's order should be affirmed.

11

## **CONCLUSION**

The District properly affirmed the Bankruptcy's Court orders – issued orally on July 27, 2020 and by written order entered on August 28, 2020 – regarding sanctions.

Dated: May 24, 2023                          It is respectfully submitted,

/s/ David P. Case
David P. Case, Esq.
Fein, Such & Crane, LLP
28 East Main Street, Suite 1800
Rochester, New York 14614
(585)232-7400

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) and 29(d) because this brief contains 1,548 words, excluding the parts of this brief exempted by Fed. R. App. P. 32(f). Additionally, this brief complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been a proportionally spaced typeface using Microsoft Word version 2208 in 14 point Times New Roman font.

Respectfully submitted,

/s/ David P. Case
David P. Case, Esq.
Fein, Such & Crane, LLP
28 East Main Street, Suite 1800
Rochester, New York 14614
(585)232-7400