# 22-2045

## *United States Court of Appeals*

### FOR THE

## SECOND CIRCUIT

In Re: SHANE CHRISTOPHER BUCZEK,

Debtor,

Shane Christopher Buczek

Debtor – Appellant,

-v-

KEY BANK NATIONAL ASSOCIATION,

Appellee,

On Appeal from the United States District Court for the Western District of New York (Buffalo Division)- **1:20-cv-01445-JLS**

## **Reply Brief for Appellant**

To Be Argued By: Shane Christopher Buczek

Shane Christopher Buczek
435 Creeks drive Ste 200 East
Amherst New York [14228]

1

# **TABLE OF CONTENTS**

Page

Table of Contents..................................................................2

Table of Authorities..............................................................3

APPICATION-OF-HAINES-v.-KERNER-404.US.519,520,1972…...................6

MAIN ARGUMENT REGARDING SANCTIONS………………………………6

Appellee Appendix's are mostly Irrelevant on this Appeal...........................11

DOCTRINE OF RES JUDICATA DOES NOT APPLY..............................12

SANCTION ON APPELLANT HAVE NO FINDINGS NOR ANY
FACTS WITH CONCLUSION IN LAW………………………………………17

Appellee CLAIMS THAT PLAINTIFF's LITIGATIONS IS "VEXATIOUS"
IS UNSUPORTED, UNCOMPELLING, FRIVOLOUS AND MERITLESS……18

Conclusion…………………………………………………………...22

CERTIFICATE OF COMPLIANCE………………………………………...23

Certificate of Service…………………………………………..............24

# **Table of Authorities**

Page(s)

Cases

04/01/12),
    224 U.S. 126,56 L. Ed. 693, 32 S. Ct. 463 ....................................................... 10
06/09/77),
    431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 ............................................... 10
10/31/10),
    218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2 .......................................................... 10
19, 2017,
    575 B.R. 330 2017 WL 3084384 ......................................................................... 12
Berkshire v. Klimowicz United States District Court, E.D. Michigan, Southern
    Division. March 17, 2014 F.Supp.3d,
    2014 WL 1032048 ............................................................................................... 13
Bloomer v. Henderson,
    8 Michigan, 395 .................................................................................................. 19
*Caliguri v JPMorgan Chase Bank, N.A.*,
    121 AD3d 1030, 996 NYS2d 73 [2014] ............................................................. 11
*Carlisle v. United States*,
    83 U.S. 147 (1873) .............................................................................................. 17
*Carpenter v. Longan*,
    83 US 271, 21 L. Ed 313 ...................................................................................... 19
Cicotte v. Gagnier,
    2 Michigan, 381 .................................................................................................. 19
*CitiMortgage, Inc. v. Barbezat*,
    131 A.3d 65 (Pa. Super. 2016) ........................................................................... 19
City of Sapulpa v. Land,
    101 Okl. 22, 223 P. 640, 35 A.L.R. 872 ............................................................. 16
Cornell v. Hilchens,
    11 Id. 353 ............................................................................................................. 20
Fisher v. Otis,
    3 Chandler, 83 ..................................................................................................... 19
Haines v. Kerner,
    404 US 519 (1972) ................................................................................................ 5
*Landau, P.C. v LaRossa, Mitchell & Ross*,
    11 NY3d 8 ........................................................................................................... 11

3

Martineau v. McCollum,
    4 Id. ................................................................................. 19
*Miller vs. U.S.*,
    230 F. 486 ........................................................................ 16
*Miranda vs. Arizona*,
    384 US 436 ....................................................................... 16
Nash v. Brooks,
    297 N.Y.S. 853 ................................................................. 16
People v. Fisher,
    14 Wend. (N.Y.) 9, 28 Am.Dec. 501 ................................ 17
Pierce v. Faunce,
    47 Maine, 507 ................................................................... 19
Potts v. Blackwell,
    4 Jones ............................................................................. 19
Rights." Snerer vs. Cullen,
    481 F. 946 ........................................................................ 15
*Sprague v. Cortes United States District Court,* M.D. Pennsylvania. December 09,
    2016-223 F.Supp.3d 248,
    2016 WL 7209432 ........................................................... 13
Taylor v. Page,
    6 Allen, 86 ....................................................................... 20
*Trinsey v. Pagliaro*,
    D.C. Pa. 1964, 229 F. Supp. 647 ..................................... 10
*U.S. Bank N.A. v Gordon*,
    158 AD3d 832, 72 NYS3d 156 [2018] ............................. 11

Statutes

11 U.S.C.S. § 502(b)............................................................... 7
42 U.S.C.A. S 1983 ............................................................... 14
NY UCC § 3-804 .................................................................. 20
Title 28 U.S.C. (subsection) 1746 (1)................................... 21
U.S. Const. Amend. 14 .......................................................... 14

Rules

CPLR 3211 (a) (1)................................................................. 11
CPLR § 2105 ......................................................................... 21
CPLRs § 4101 & 4102 ............................................................ 6
Fed. R. App. P. 28(a)(8)(A) ................................................. 11
Federal Rules of Bankruptcy Procedure Rule 9014 ........... 20, 21

FRBP 9011 (c) (1) (B) ............................................................... 6
FRBP 9011 (c) (3) ...................................................................... 6
Rule 28 of the Federal Rules of Appellate Procedure ............................................. 11
Rule 32 (a) (7) (B) of the Federal Rules of Appellate Procedure ........................... 22
Rule 9011 ................................................................................ 7
Rule 9011 of the Federal Rules ........................................................ 6

Other Authorities

S 16 ...................................................................................... 14
S 1983 .................................................................................... 14
UCC 3-307 ................................................................................ 15
UCC Sections 3-804 and 3-307 .................................................... 12, 15
Wisconsin, 503 ....................................................................... 20

## APPLICATION OF HAINES v. KERNER

Appellant, Shane Christopher Buczek respectfully requests that this honorable court apply the standards established by the Supreme Court in **Haines v. Kerner**, 404 US 519,**520** (1972) such that this pro se Appellant not be held to the same strict standards as an attorney during this pleading.

COMES NOW, the Appellant, Shane Christopher Buczek, and asserts his rights under the Seventh Amendment of the United States Constitution, and pursuant to the laws of the state of New York under NY CPLRs § 4101 & 4102 all matters of fact and law at controversy, as set forth herein. Were the bankruptcy court nor the United States District Court has not ruled on the merits of the evidentiary hearing the adversary proceedings with contested claims see **BK Rule 904**

## MAIN ARGUMENT REGARDING SANCTIONS

In this instant case, Appellee have routinely, consistently and continuously refused to produce either a valid enforceable **original blue wet-inked signature,** properly endorsed Note or Mortgage to establish any property interest whatsoever in this Appellant's property. Then filing a fraudulent proof of claim with no original note nor any contract with the appellant all laid out in the adversary proceeding where summons was denied by the bankruptcy court in violation of due

6

process. This is despite Appellant incessant requests for production of these instruments by the Appellee for (8) years.

The Bankruptcy court violated **Rule 9011** of the **Federal Rules of Bankruptcy Procedures** with sanction against the appellant. See **Rule 9011** further states that on its own initiative, as was **not** done in this particular case, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. See **FRBP 9011 (c) (3)** and **FRBP 9011 (c) (1) (B)** for the $750 and $1000 or challenging the proof of claim and asking for an evidentiary hearing with no finding's facts or conclusions of law.

**Rule 9011** other states that on its own initiative, as was done in this particular case, "the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed. Please take note that Bankruptcy has refused to allow the appellant an evidentiary hearing and denied the summons to be released on the adversary proceedings to even challenge KeyBank standing to lift the stay which is quite frankly mind boggling.

Since the proof of claim was filed without any original note nor any signed contract by the appellant which was all filed in the adversary proceeding but the summons was denied by the bankruptcy court to be served. The question to the court is do the rules apply to the appellee? This Adversarial Complaint demands a

trial by jury in the interests of justice and fairness upon all issues at controversy, alleging upon information, evidence, and belief the charges against the Defendants above named.

The altered, forged, inaccurate records, documents and suppositions offered by Mr. Case shows KeyBank was never damaged lacking any statement of account or affidavit by KeyBank. See 11 U.S.C.S. § 502(b)

The Appellee preposterous suggestion otherwise is unsupported to the point of being nonsensical. The appellee does not have a **secured home equity line of credit** with his property where no default exist. Appellant has been operating in good faith since day one where else does the Appellant go to establish the debt when you are denied access to the lower courts. If the appellate has an obligation to this property, it is the responsibility of the Appellee KeyBank to produce the evidence of the debt and not forged documents. Instead of producing the blue wedding signature during these hearings they produced fraudulent proof of claim to make it look like there was some kind of obligation in this matter when none exist.

Appellee's lack of support of these inflammatory and ridiculous and baseless conjectures are as uncompelling as is their falsity.

8

Likewise, Appellee willfully continue to refuse to produce either of these documents or even answer the Brief in violation of the plethora of laws set forth more completely and specifically in the Lower and the Bankruptcy Court with Judge Bucki.

Dave P. Case, Esq is in breach of contract, fraud, breach of fiduciary duty, and intentional infliction of emotional distress for well over 5 years against **Appellant** based a continued effort by lying also known as perjury to the lower courts now here with the Second Circuit Court of Appeals.

Dave P. Case, Esq has never produced the jurisdictionally required documents, such as the Note and Mortgage relied upon by them in order to encumber proof of claim filed in the Bankruptcy Court with appellant's property. Appellant does not have a **<u>Note</u>** or **<u>Mortgage exist</u>**, and Appellee do not deny the facts in this matter.

Dave P. Case, Esq has never produced a contract with Appellant name or any sign contract in the **denial of due process rights** being suffered by this appellee.

The Appellee' preposterous suggestion otherwise is unsupported to the point of being nonsensical.

9

Attorneys **CANNOT** testify has **no first-hand knowledge** in this matter.
Statements of counsel in brief or in argument are never facts before the court. What
this means to you is that no attorney can state a fact before the court.

This was more than adequately pointed out in 2000 election when thousands
of Florida ballots were taken before the U.S. Supreme Court, without even so
much as one competent fact witness. Without a witness the court could not see the
ballots, the ballots were not before the court, and the ballots could not be
introduced as evidence. See "Statements of counsel in brief or in argument are not
sufficient…" ***Trinsey v. Pagliaro***, D.C. Pa. 1964, 229 F. Supp. 647.Attorneys
cannot testify. Statements of counsel in brief or in oral argument are not facts
before the court.

This finding of a continuing investigation, which forms the foundation of the
majority opinion, comes from statements of counsel made during the appellate
process. As we have said of other unsworn statements which were not part of the
record and therefore could not have been considered by the trial court:
"Manifestly, {such statements] cannot be properly considered by us in the
disposition of [a} case." ***UNITED STATES v. LOVASCO*** (06/09/77) 431 U.S.
783, 97 S. Ct. 2044, 52 L. Ed. 2d 752, Under no possible view, however, of the
findings we are considering can they be held to constitute a compliance with the
statute, since they merely embody conflicting statements of counsel concerning

10

the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. ***GONZALES v. BUIST***. (04/01/12) 224 U.S. 126,56 L. Ed. 693, 32 S. Ct. 463 No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not statements of counsel, ***HOLT v. UNITED STATES*** (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2, Care has been taken, however, in summoning witnesses to testify, to call no man whose character or whose word could be successfully impeached by any methods known to the law.

### The Appellee Appendix's are mostly Irrelevant on this Appeal.

Dave P. Case, Esq failed to read **Rule 28 of the Federal Rules of Appellate Procedure** requires that the argument section of an appellate brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies ." Fed. R. App. P. 28(a)(8)(A).Dave P. Case, Esq brief fails to satisfy his obligations under Rule 28. Please note Appellant is not Deborah Ann Buczek.

## **DOCTRINE OF RES JUDICATA DOES NOT APPLY**

Here, the doctrine of res judicata does not apply since the foreclosure action did not involve the Appellant. See ***Landau, P.C. v LaRossa, Mitchell & Ross***, 11 NY3d 8, 13 n 3, 892 NE2d 380, 862 NYS2d 316 [2008] [internal quotation marks omitted]; see ***U.S. Bank N.A. v Gordon***, 158 AD3d 832, 837-838, 72 NYS3d 156 [2018]; ***Caliguri v JPMorgan Chase Bank, N.A***., 121 AD3d 1030, 1031, 996 NYS2d 73 [2014]).

Pursuant to **CPLR 3211 (a) (1)** failed to conclusively establish a defense of collateral estoppel or res judicata and that the six-year statute of limitations for commencing a foreclosure action had expired were the United States Bankruptcy Court, E.D. North Carolina, Raleigh Division. July 19, 2017575 B.R. 3302017 WL 3084384

**Case details**
See In re ***Burgess***; United States Bankruptcy Court, E.D. North Carolina, Raleigh Division July 19, 2017, 575 B.R. 330 2017 WL 3084384

**Outcome:** ***Rooker-Feldman*** doctrine applied to prevent individual Chapter 11 debtor, following entry of nonjudicial foreclosure order by state court in favor of creditor that had filed proof of claim for deed of trust debt, from objecting that creditor **was not holder of deed of trust note, that note had not been properly assigned to it, and that its lien should be avoided.**

12

The Appellant dedicates a significant portion of the Appellant's Brief to questions not in front of the Court, such as a discussion of whether there was evidence to support sanctions, the validity of Nationstar's filed proof of claim, whether the Trustee was obligated to validate the filed proof of claim, whether an evidentiary hearing was required, whether the original wet ink loan documents have been provided to the Debtor, or whether Appellee has complied with various provisions of the UCC, namely UCC Sections 3-804 and 3-307.

**Rooker-Feldman doctrine** applied to prevent individual Chapter 11 debtor, following entry of nonjudicial foreclosure order by state court in favor of creditor that had filed proof of claim for deed of trust debt, from objecting that creditor was not holder of deed of trust note, that note had not been properly assigned to it, and that its lien should be avoided as unsupported by valid debt; state court, in entering final foreclosure order, had found that creditor was holder of deed of trust note, and that note was in default, so that claims that debtor asserted in bankruptcy court could succeed only if state court had erred when it entered this nonjudicial foreclosure order.

See ***Anthony Pappas for Congress v. Lorintz-United States District Court***, E.D. New York. August 02, 2019, and **Berkshire v. Klimowicz** United States District Court, E.D. Michigan, Southern Division. March 17, 2014  F.Supp.3d 2014 WL 1032048; It is clear from Berkshire's complaint that the source of his

13

alleged injury is not the state court decision itself, but the alleged actions of Defendants in issuing him the assault and battery misconduct charge, depriving him of the opportunity to present a written statement regarding the misconduct, finding him guilty of misconduct, and subsequently denying his request for rehearing. Defendants argue that Berkshire brought his claims in state court and lost and now wishes to have this Court effectively overturn the state-court order, which they claim is not permitted under **Rooker Feldman**. But the mere fact that Berkshire is a state-court loser, who filed his federal case after the conclusion of the state case, is not sufficient to trigger **Rooker Feldman**. See ***Sprague v. Cortes United States District Court,*** M.D. Pennsylvania. December 09, 2016-223 F.Supp.3d 248  2016 WL 7209432; Under Pennsylvania law, state judges' S 1983 claim alleging that ballot question regarding proposed amendment to provision of Pennsylvania Constitution setting forth mandatory retirement age for state judges violated Due Process Clause was precluded under doctrine of **res judicata**; judges did not raise the claims in their prior state court action challenging constitutionality of ballot question, despite being able to do so. U.S. Const. Amend. 14; Pa. Const. art. 5, S 16(b); 42 U.S.C.A. S 1983. Appellant makes several references to the Loan Documents as being forgeries. This issue is not in front of this Court on appeal, and has been determined fruitless in the Foreclosure, and is clearly

14

precluded by numerous preclusion doctrines such as **Rooker-Feldman**, res judicata and collateral estoppel.

*Rooker-Feldman* doctrine applied to prevent individual Chapter 11 debtor, following entry of nonjudicial foreclosure order by state court in favor of creditor that had filed proof of claim for deed of trust debt, from objecting that creditor was not holder of deed of trust note, that note had not been properly assigned to it, and that its lien should be avoided as unsupported by valid debt; state court, in entering final foreclosure order, had found that creditor was holder of deed of trust note, and that note was in default, so that claims that debtor asserted in bankruptcy court could succeed only if state court had erred when it entered this nonjudicial foreclosure order. The Appellant dedicates a significant portion of the Appellant's Brief to questions not in front of the Court, such as a discussion of whether there was evidence to support sanctions, the validity of Nationstar's filed proof of claim, whether the Trustee was obligated to validate the filed proof of claim, whether an evidentiary hearing was required, whether the original wet ink loan documents have been provided to the Debtor, or whether Appellee has complied with various provisions of the UCC, namely UCC Sections 3-804 and UCC 3-307.

## SANCTION ON APPELLANT HAVE NO FINDINGS
## NOR ANY FACTS WITH CONCLUSION IN LAW

The appellant would not be in Second Circuit Court of Appeals if Appellant had the opportunity to have his **due process rights** heard for evidentiary hearing and the right to have Full disclosure regarding the debt and the original blue wet ink signature if any even exists at this time. The appellee and the lower courts claim this is frivolous, which goes directly against all the rules in bankruptcy court, which is quite frankly mind boggling. We have rules, but nobody follows them anymore especially in 2023.

"There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." **Snerer vs. Cullen**, 481 F. 946. The supreme Court has also ruled in favor of the wording of the Declaration of Independence regarding the judicial power of the court, and reinforced the point that the reason men form governments is to secure the blessings of life, liberty, and the pursuit of happiness. See Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." ***Miranda vs. Arizona***, 384 US 436, **491**.

This is ridiculous. When the appellant follows the rules, when a fake proof of claim is filed, he has a right to challenge the fake claim but somehow gets sanctioned for challenging it quite frankly, mind boggling and absolutely amazing!

16

I strongly urge the court to follow the rules and remand its case back down to the lower court. The very bare minimum evidentiary hearing is mandatory and follows the bankruptcy rules as stated in the record.

"The claim and exercise ...of a constitutional Right cannot be converted into... a crime." ***Miller vs. U.S.***, 230 F. 486, 489.

That the courts entire jurisdiction is limited to protecting the life, liberty, and property of the American people. "To adjudicate upon, and protect the rights and interests of individual citizens, and to that end to construe and apply the laws, is the peculiar province of the judicial department. judicial power "is the power to hear and determine those matters which affect the life, liberty, or property of the citizens of the state." **City of Sapulpa v. Land**, 101 Okl. 22, 223 P. 640, 644, 35 A.L.R. 872, 878. **Nash v. Brooks**, 297 N.Y.S. 853, 855-856.

Furthermore, the bankruptcy court in the Western District of New York went outside their scope of authority to call the award bogus there is no evidence that it was bogus it was only the truth how the entire banking system works with all of the evidence was presented to the arbitration form for review.

17

## Appellee CLAIMS THAT PLAINTIFF's LITIGATIONS IS "VEXATIOUS" IS UNSUPORTED, UNCOMPELLING, FRIVOLOUS AND MERITLESS.

Also, again, while Appellee point their crooked fingers at the appellant  and make derogatory ad hominem attacks through baseless terms like "vexatious" claiming that it is the appellant  is wasting judicial resources, the appellant reminds this Court that it is the Appellee that filed nearly thousands of  pages of meaningless unrelated information, at great expense all of the Courts and the appellant to rout through and address, without proving or supporting a single one of the Appellee claims or defenses. See " ...If one individual does not possess such a right over the conduct of another [Good and Lawful Christian Man], no number of individuals [in a deliberative body] can possess such a right. All combinations, therefore, to affect such an object, are injurious, not only to the individuals particularly oppressed, but to the public at large." People v. Fisher, 14 Wend. (N.Y.) 9, 28 Am.Dec. 501. Please see ***Carlisle v. United States***, 83 U.S. 147, 154 (1873),

The facts in this case clearly, and abundantly, prove that it is the Appellee who are acting voraciously, vexatiously, dishonestly, unscrupulously and in bad faith and unclean hands in these matters. **See Rule 8.4**: Misconduct; It is professional misconduct for a lawyer to:(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;(b) commit a criminal act that reflects adversely on the

lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;(d) engage in conduct that is prejudicial to the administration of justice;(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or(g) engage in conduct that the lawyer knows or should know is harassment or discrimination on the basis of race, sex, religion, national origin, ethnicity, disability, age, sexual orientation, gender identity, marital status or socioeconomic status in conduct related to the practice of law. This paragraph does not limit the ability of a lawyer to accept, decline or withdraw from a representation in accordance with **Rule 1.16**. This paragraph does not preclude legitimate advice or advocacy consistent with these Rules.

Dave P. Case, Esq scheme of the attorney to prevent this appellant for their illegal acts is founded or supported by any law in the United States.

Dave P. Case, Esq attempt to do here is to deny due process in order to prevent the revelation of the crimes of the appellee and counsel.

(See: **_Carpenter v. Longan_**, 83 US 271, 273, 21 L. Ed 313 US Sup. CT.: "As a matter of law the **Original Note** and **Mortgage** must be produced by the creditor

19

alleging a debt exists". "See ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa. Super. 2016).

The **mortgage** and the **Note** are inseparable, the former as essential and the latter as incident".) As Affidavit of Lost Note signed under penalties of perjury by a person having second or third hand "knowledge" of the existence of an Appellee note constitutes perjury because that person never had possession, true knowledge or any proof of the existence of the Appellee note, as a matter of law. (SEE: Longan, supra, Sup. Ct. 83 US 271, **273**: "An Appellee previous creditor's Affidavit of Lost Note does not substitute the necessity of an Original note to enforce a mortgage".)Therefore, the altered photocopied facsimile of a Note cannot constitute an original note as required under the law pursuant to the Supreme Court's requirements, as set forth in Longan, US 83, 271,***273***. Also see Powell on Mortgages, 908; 1 Hilliard on Mortgages, 572; Coot on Mortgages, 304; ***Reeves v. Scully, Walker's Chancery***, 248; Fisher v. Otis, 3 Chandler, 83; Martineau v. McCollum, 4 Id. 153; Bloomer v. Henderson, 8 Michigan, 395; Potts v. Blackwell, 4 Jones, 58; Cicotte v. Gagnier, 2 Michigan, 381; Pierce v. Faunce, 47 Maine, 507; Palmer v. Yates, 3 Sandford, 137; Taylor v. Page, 6 Allen, 86; Croft v. Bunster, 9 Wisconsin, 503; Cornell v. Hilchens, 11 Id. 353.

The Appellee has complied with none of these requirements, and the court has failed or refused to force the Appellee to meet these requirements before issuing its ORDER and Fake Foreclosure with a **Fake Proof of claim**.

Appellee has failed to meet the requirements of **NY UCC § 3-804** by refusing to provide the bond necessary to proceed in a foreclosure action once the Note has been challenged.

\* Appellant has never waived his Right to Seek a Reversal regarding all these issues on appeal. Please note the Appellant did challenge the authenticity of the note where the evidentiary is mandatory in this matter.

See **Federal Rules of Bankruptcy Procedure Rule 9014.** Contested Matters

(d) **Testimony of Witnesses**. Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.

(e) **Attendance of Witnesses**. The court shall provide procedures that enable parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify.

## **Conclusion**

**WHEREFORE,** having validly demonstrating the issues of material facts in this

appeal where the appellant moves the Second Circuit Court of appeals to remand

this case back to the United States District Court in the WDNY with an order

forcing the bankruptcy court to finally put an end to this by having an **evidentiary**

**hearing** pursuant to the federal rules bankruptcy procedure **FRBP 9014**. Vacating

the sanctions in direct violation of due process with a remand back to the lower

court to issue out a summons regarding the adversary proceeding.

Respectfully submitted this 5th day of June 2023, I, Shane Christopher Buczek
hereby affirm that the foregoing is truthful and correct to the best of my knowledge
and belief, under penalties of perjury, in accordance with Title 28 U.S.C.
(subsection) 1746 (1) and NY CLS CPLR § 2105.

By: *Shane Christopher Buczek*
       Shane Christopher Buczek, Appellant
       435 Creekside Drive Suite 200 East
       Amherst New York [14228]
       Email: Lawresearch2013@yahoo.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Shane Christopher Buczek certify that this brief contains 4,331 words and that the

foregoing brief complies with the requirements of Rule 32 (a) (7) (B) of the Federal

Rules of Appellate Procedure. The typeface used was 14 Point Times Roman.

Dated: June 5th, 2023

Respectfully submitted,

Shane Christopher Buczek

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Shane Christopher Buczek

**CERTIFICATE OF SERVICE***

Docket Number: 22-2045

v.

KEY BANK NATIONAL ASSOCIATION

I, Shane Christopher Buczek , hereby certify under penalty of perjury that
(print name)
on June 5th 2023 , I served a copy of Shane Christopher Buczek
(date)

------ Also received by Public Access to Court Electronic Records (PACER) _Reply Brief for KEY BANK NATIONAL ASSOCIATION

(list all documents)

by (select all applicable)**

___ Personal Delivery      X   United States Mail      ___ Federal Express or other
                                                           Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Dave P Case | 28 Main Street Ste 1800 | Rochester | NY | 14614 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

June 5th,2023

Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

24



...equired.

...clusions see the Domestic

UNITED STATES
POSTAL SERVICE.

**P**

Retail

US POSTAGE PAID

**$10.55**

Origin: 14241
06/05/23
3510370241-07

PRIORITY MAIL®

1 Lb 13.50 Oz

RDC 04

EXPECTED DELIVERY DAY: 06/08/23

C099

SHIP TO:
40 FO...
NEW ...LEY SQ
...ORK NY 10007-1502

USPS TRACKING® #

9505 ... 5139 0639 3156 8320 56

PRESS

FROM:

PRIORITY® ★ MAIL ★

UNITED STATES POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Proute Confidentio
435 Creative Drive
Amherst New York

→ Clerk's office
TO: Thurgood Marshal
2nd floor
→ 40 Foley Sq
→ N.Y. N.Y.
10007

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

ORDER FREE SUPPLIES ONLINE